[Cite as *State v. Straley*, 2016-Ohio-5434.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No. L-15-1237

      Appellee                                          Trial Court No. CR0201501540

v.

Tanner Straley                                        **DECISION AND JUDGMENT**

      Appellant                                         Decided:  August 19, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**YARBROUGH, J.**

## I.  Introduction

{¶ 1} This is an appeal from the judgment of the Lucas County Court of Common Pleas, sentencing appellant, Tanner Straley, to a total of eight years in prison following a plea of guilty to one count of aggravated burglary and three counts of kidnapping. Because we find that the trial court did not err in failing to merge the burglary and kidnapping counts, we affirm.

## A. Facts and Procedural Background

{¶ 2} The undisputed facts of this case were summarized by the trial court at the sentencing hearing as follows:

THE COURT: [On] October 10 or October 23, 2014, on Timberlawn Avenue about 11:15 p.m. here in Toledo, Lucas County, Ohio, the victim, * * * Maxwell, indicated in reports that he went out to the back of his residence to smoke. When he left the residence, Mr. Straley and his co-defendant, Mr. Wilhelm, as well as two other unknown * * * suspects were waiting outside. And it's not included in the PSI, but it sounds like this house is what would commonly be called a drug house where drugs are contained or possibly sold.

[THE STATE]: That's fair, judge.

THE COURT: Okay. Victim Maxwell was thrown to the ground and threatened until he let the suspects into the house. Victim Maxwell was bound with plastic zip ties. Put on the floor. He saw the perpetrators had guns and bats. Victim, again first name, Nalan, was inside the residence and was punched by one of the perpetrators. He was restrained by zip ties. Placed on the floor next to victim Maxwell. There was a search for property. Electronics were found, other items. And then the suspects wanted to know when the third guy was coming home. They waited until victim Michael came home who was punched several times, tied with

plastic ties and then a handgun was placed in the mouth of one of the victims.

* * *

THE COURT: Victim is Beasley, Michael and victim Maxwell were forced into dog cages. And then victim Nalan was forced to help find valuables inside the residence. There was a time when a gun was placed in the mouth of victim Nalan. Property was found, about $5,300 in U.S. currency, sunglasses, duffle bags, knife, Play Station 3 video game, and Apple iPod, a watch, all taken from the residence.

{¶ 3} As a result of the foregoing incident, appellant was indicted on March 31, 2015, on one count of aggravated burglary in violation of R.C. 2911.11(A)(2), and three counts of kidnapping in violation of R.C. 2905.01(A)(2), all felonies of the first degree. Firearm specifications were attached to all four counts in the indictment.

{¶ 4} Appellant entered a plea of not guilty at his arraignment on April 14, 2015, and the matter proceeded through pretrial discovery and plea negotiations. Eventually, a plea agreement was reached wherein the state agreed to dismiss the firearms specifications in exchange for appellant's guilty plea to the four counts contained in the indictment. Appellant entered his guilty plea on July 14, 2015. The trial court continued the matter for sentencing and ordered a presentence investigation report.

3.

**{¶ 5}** Approximately three weeks later, appellant appeared before the trial court for sentencing. At the sentencing hearing, the trial court sua sponte raised the issue of merger. In that regard, the court stated:

> In this case we have a total of four counts. The first issue I have to discuss and I'll hear any arguments if parties wish to make them on the issue of merger. Two questions, number – well, three questions. Number one, were the offenses so similar in import or significance; number two, were they committed separately; number three, were they committed with separate animus or motivation?
>
> I find that the three kidnappings each being a different victim were committed with a separate animus and I find that the burglary was committed with a separate motivation.
>
> Burglary was to attain property and the kidnapping was to terrorize and humiliate.
>
> So I find that none of these sentences merge.

**{¶ 6}** Thereafter, the trial court imposed a four-year prison term for each of the four counts to which appellant pleaded guilty. The court ordered the kidnapping counts to be served concurrently to one another but consecutive to the aggravated burglary count for a total prison term of eight years. Appellant's timely appeal followed.

4.

## B. Assignment of Error

**{¶ 7}** On appeal, appellant raises one assignment of error for our review:

> The trial court erred to the prejudice of Appellant at sentencing by failing to properly merge the allied offenses of aggravated burglary and kidnapping pursuant to R.C. 2941.25.

## II. Analysis

**{¶ 8}** In his sole assignment of error, appellant argues that the trial court erred at sentencing when it refused to merge the offenses of aggravated burglary and kidnapping.

**{¶ 9}** Merger of allied offenses of similar import is governed by R.C. 2941.25, which states:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, the Supreme Court of Ohio clarified how courts are to determine whether offenses are allied. The court

noted that the allied-offenses analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct. *Id.* at ¶ 26. However, conduct is but one factor to consider when determining whether offenses are allied. *Id.* at ¶ 21. The court stated:

> As a practical matter, when determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered. *Id.* at ¶ 31.

{¶ 10} The court further explained that offenses are of dissimilar import "if they are not alike in their significance and their resulting harm." *Id.* at ¶ 21. Thus, "two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Id.* at ¶ 26. The evidence at trial or during a plea or sentencing hearing will reveal whether the offenses have similar import. *Id.*

{¶ 11} Here, appellant argues that his aggravated burglary conviction should merge with his kidnapping convictions because the conduct that formed the basis for

6.

these convictions constituted a "single course of action with the same animus." In response, the state argues that aggravated burglary and kidnapping are not allied offenses of similar import in this case because they were committed with a separate animus. The state's argument is consistent with the finding of the trial court when it raised the merger issue sua sponte, ultimately concluding that the offenses should not merge because the kidnapping counts pertained to separate victims and the aggravated burglary was committed with a separate motivation than the kidnappings.

{¶ 12} Having reviewed the facts of this case as set forth at sentencing, we agree with the state's assertion that the aggravated burglary count should not merge with the kidnapping counts. In determining whether kidnapping and another offense are committed with a separate animus, the Supreme Court of Ohio has adopted the following guidelines:

(a) Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions;

(b) Where the asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that

involved in the underlying crime, there exists a separate animus as to each offense sufficient to support separate convictions. *State v. Logan*, 60 Ohio St.2d 126, 397 N.E.2d 1345 (1979), syllabus.

{¶ 13} In this case, the facts clearly demonstrate that the restraint of the victims was prolonged and subjected the victims to a substantial increase in the risk of harm separate and apart from that involved in the aggravated burglary. Indeed, appellant and his accomplices beat the victims, tied them up with plastic zip ties, placed them into dog cages, and even inserted the barrel of a gun into the mouth of one of the victims. This conduct cannot be fairly described as "incidental" to the commission of the burglary. Additionally, the record establishes that appellant waited inside the home after committing the burglary so that he, along with his accomplices, could kidnap the third victim upon arrival.

{¶ 14} On these facts, we agree with the trial court's finding that the motivation behind the burglary was to attain property and the kidnapping was motivated by a desire to terrorize and humiliate the victims. Consequently, the aggravated burglary count does not merge with the kidnapping counts as an allied offense of similar import as it was not committed with the same animus.

{¶ 15} Accordingly, appellant's assignment of error is not well-taken.

8.

## III.  Conclusion

**{¶ 16}** The judgment of the Lucas County Court of Common Pleas is affirmed.

Costs are hereby assessed to appellant in accordance with App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                         _____

                                                         JUDGE

Arlene Singer, J.                                

                                             _____

Stephen A. Yarbrough, J.                              JUDGE
CONCUR.

                                             _____

                                                         JUDGE