[Cite as *State v. Berry*, 2021-Ohio-2249.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-19-1275

        Appellee                              Trial Court No.  CR0200401149

v.

Angela Berry                                     **DECISION AND JUDGMENT**

        Appellant                             Decided:  June 30, 2021

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Henry Schaefer, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Appellant, Angela Berry, appeals the October 31, 2019 judgment of the

Lucas County Court of Common Pleas resentencing her after remand from this court.

For the following reasons, we affirm, in part, and reverse, in part.

## I. Background and Facts

{¶ 2} In 2005, Berry was convicted by a jury of three charges:  felony murder in violation of R.C. 2903.02(B), a special felony ("count 1"), endangering children in violation of R.C. 2919.22(B)(3), a third-degree felony ("count 3"), and endangering children in violation of R.C. 2919.22(B)(3), a second-degree felony ("count 4").[1]  *State v. Berry*, 6th Dist. Lucas No. L-05-1048, 2007-Ohio-94, ¶ 15.  The charges arose from the January 2004 death of Berry's three-year-old son, who died of hypothermia while in her care.

{¶ 3} At the sentencing hearing, Berry's attorney, the prosecutor, and the court all agreed that the second-degree child endangering conviction was the predicate offense for the felony murder charge.  The court stated that count 4 "is the underlying offense, [and] that count should be merged with the sentence of the Court for the murder charge."  But, despite finding that those counts should merge, the trial court did not direct the prosecutor to elect an offense to pursue for sentencing.  Instead, the trial court sentenced Berry to an indefinite term of 15 years to life in prison on count 1, a term of three years in prison on count 3, and a term of seven years in prison on count 4.  The court found that the "offense [in count 4] is the underlying cause of * * * the offense set forth in Count 1 and is merged therein."  Regardless, the court ordered the sentence for count 4 to "run concurrent" with the murder sentence.  Berry's attorney did not object.

---

[1] Berry was also charged with and acquitted of one count of involuntary manslaughter. *Berry* at ¶ 1, fn. 1.

2.

{¶ 4} In the original sentencing entry, the court ordered Berry to serve the seven-year sentence for count 4 concurrently with the murder sentence because "Count 4 [was] the underlying offense for Count 1 * * *." The court also ordered Berry to serve the murder sentence and the three-year sentence for count 3 consecutively.[2] The sentencing entry does not mention merger of the felony murder (count 1) and second-degree child endangering (count 4) convictions.

{¶ 5} Berry appealed, and we affirmed, in part, reversed, in part, and remanded the case to the trial court under the authority of *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856, *abrogated by Oregon v. Ice*, 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009)—which was decided while Berry's appeal was pending. In *Foster*, the Supreme Court of Ohio invalidated portions of Ohio's sentencing statutes and directed that all cases pending on direct appeal to which the unconstitutional statutory sections applied be remanded for resentencing. *Berry* at ¶ 51, citing *Foster* at paragraphs one, three, and five of the syllabus, ¶ 104. Accordingly, we reversed the trial court's imposition of nonminimum and consecutive sentences. *Id.*

---

[2] In *Berry*, we stated that the trial court ordered the murder and the third-degree child endangering sentences to be served concurrently and the murder and second-degree child endangering sentences to be served consecutively. *Berry* at ¶ 15. However, the transcript from the original sentencing hearing and the trial court's 2005 sentencing entry show that the court ordered that the sentence for the second-degree child endangering conviction (i.e., count 4) be served concurrently with the murder sentence and the sentence for the third-degree child endangering conviction (i.e., count 3) be served consecutively to the murder sentence. Additionally, we note that a third-degree felony cannot be the predicate offense for felony murder, so count 3 would not have satisfied the statutory requirement that Berry caused the child's death "as a proximate result of * * * committing or attempting to commit an offense of violence *that is a felony of the first or second degree* * * *." (Emphasis added.) R.C. 2903.02(B).

3.

{¶ 6} We also found that the trial court failed to consider Berry's present and future ability to pay before ordering her to pay the costs of appointed counsel and costs under R.C. 2929.18(A)(4). We therefore reversed the trial court's imposition of those costs. But, we affirmed the trial court's imposition of the costs of prosecution, which are mandatory. *Id.* at ¶ 53-57. We remanded the case to the trial court "for further proceedings consistent with * * *" our decision. *Id.* at ¶ 58. We issued our decision in *Berry* on January 12, 2007.

{¶ 7} Following our remand, the trial court scheduled a resentencing hearing for February 26, 2007, but continued it to March 2, 2007, at Berry's request. The trial court's order from the March 2 hearing notes that Berry had filed an appeal with the Ohio Supreme Court, so the trial court "no longer ha[d] jurisdiction for re-imposition of sentence[.]"

{¶ 8} On June 6, 2007, the Supreme Court declined jurisdiction of Berry's discretionary appeal. *See 06/06/2007 Case Announcements*, 114 Ohio St.3d 1411, 2007-Ohio-2632, 867 N.E.2d 845. However, the next action by the trial court was not until September 2019—over 12 years later—when the court appointed counsel to represent Berry and ordered Berry conveyed to Lucas County for her resentencing hearing. There is no explanation in the record for the 12-year delay.

{¶ 9} On October 28, 2019, the trial court resentenced Berry. It reimposed the original prison sentences, i.e., 15 years to life on count 1, three years on count 3, and seven years on count 4. The court found that Berry's conduct underlying the charge in count 4—second-degree child endangering—was the same conduct underlying the felony 4.

murder conviction. The court then ordered that the sentences for counts 1 and 4 run concurrently, and that the sentence for count 3—third-degree child endangering—run consecutively to the other sentences. The court also stated at the resentencing hearing that it was "going to waive costs pursuant to the appellate decision."

{¶ 10} In its October 31, 2019 sentencing entry, the trial court restated the prison terms it imposed at the resentencing hearing. But the court also found that "[c]ount 4 being the underlying charge to count 1, the offense of Murder, therefore the counts merge." Despite finding that counts 1 and 4 merged, the court imposed separate sentences for each count and ordered them to be served concurrently. Additionally, although the court said at the hearing that it was "going to waive costs pursuant to the appellate decision," the sentencing entry stated that

> [d]efendant found to have, or reasonably may be expected to have, the means to pay all or part of the applicable costs of supervision, confinement, assigned counsel, and prosecution as authorized by law. Defendant ordered to reimburse the State of Ohio and Lucas County for such costs. * * * Defendant further ordered to pay the cost[s] assessed pursuant to R.C. 9.92(C), 2929.18 and 2951.021 if not sentenced to ODRC.

{¶ 11} Berry now appeals, raising one assignment of error:

> THE UNCONSCIONABLE DELAY BETWEEN FINDING OF GUILT BY THE JURY AND IMPOSITION OF SENTENCE BY THE COURT DEPRIVED THE TRIAL COURT OF JURSIDICTION [sic] TO SENTENCE APPELLANT[.]

## II. Law and Analysis

### A. The trial court retained jurisdiction to sentence Berry, despite the lengthy delay, because the "without unnecessary delay" provision of Crim.R. 32(A) does not apply when an offender is resentenced.

{¶ 12} In her assignment of error, Berry argues that the delay of 4,470 days between the conclusion of her first appeal and her resentencing hearing was unjustified and sufficiently lengthy to violate Crim.R. 32(A), which requires that a defendant's "[s]entence shall be imposed without unnecessary delay."

{¶ 13} The state responds that (1) the delay did not strip the trial court of its jurisdiction to resentence Berry, (2) Crim.R. 32(A) does not apply to cases on remand after appeal, and (3) assuming that Berry has a constitutional right to a timely resentencing (akin to the constitutional right to a speedy trial), she was not prejudiced by the trial court's delay.

{¶ 14} Under Crim.R. 32(A), an offender's sentence "shall be imposed without unnecessary delay." Many Ohio courts have held that this provision does not apply to cases that are remanded to the trial court for resentencing. *See, e.g., State v. Morgan*, 2d Dist. Montgomery No. 27774, 2018-Ohio-3198, ¶ 36 (the "without unnecessary delay" provision of Crim.R. 32(A) does not apply to resentencing, so appellant's due process rights were not violated when his resentencing was held seven years after his original sentencing); *State v. Creech*, 4th Dist. Scioto No. 16CA3730, 2017-Ohio-6951, ¶ 12-13 (resentencing held five years after remand); *State v. Smith*, 10th Dist. Franklin No. 13AP-129, 2013-Ohio-4674, ¶ 10 (resentencing held six years after remand); *State v. Adams*, 7th Dist. Mahoning No. 12 MA 26, 2013-Ohio-1433, ¶ 20 (resentencing held more than

6.

11 years after original conviction, but only seven weeks after remand); *State v. Martinez*, 3d Dist. Seneca Nos. 13-11-21 and 13-11-32, 2012-Ohio-3750, ¶ 23 (resentencing held five years after remand); *State v. Wrenn*, 9th Dist. Summit No. 25616, 2011-Ohio-5640, ¶ 8 (resentencing held 16 months after conviction); *State v. Bolton*, 8th Dist. Cuyahoga No. 103628, 2016-Ohio-5706, ¶ 22 (citing cases; resentencing held two years after remand); *see also State v. Hruby*, 6th Dist. Ottawa No. OT-10-036, 2011-Ohio-3848, ¶ 12 (recognizing that other appellate courts have determined that the "without unnecessary delay" provision of Crim.R. 32(A) does not apply to resentencing); *contra State v. Crosier*, 5th Dist. Tuscarawas No. 87 AP 12-0098, 1988 WL 59531, *2 (May 31, 1988) (finding that, because the appellate court vacated the appellant's original sentence, the sentencing hearing held 15 months after the Supreme Court declined jurisdiction of the state's appeal "was not a 'resentencing' so as to remove the procedure from the mandate of * * *" Crim.R. 32(A)); *but see State v. Feagin*, 5th Dist. Richland No. 10CA46, 2011-Ohio-2025, ¶ 16 (finding that the "without unnecessary delay" provision of Crim.R. 32(A) "does not apply to defendants who must be resentenced due to a void original sentence").

{¶ 15} We agree with these courts and find that the "without unnecessary delay" provision of Crim.R. 32(A) does not apply to an offender's resentencing on remand after an appeal. The protection intended by this rule "recognizes the distinction between a trial court *refusing* to sentence an offender and a trial court *improperly* sentencing an offender." (Emphasis added.) *State v. Spears*, 9th Dist. Summit No. 24953, 2010-Ohio-1965, ¶ 19.

7.

{¶ 16} Turning to Berry's arguments, she claims that the trial court lost jurisdiction to resentence her for two reasons. First, she essentially argues that her October 29, 2019 resentencing hearing should be treated as an *original* sentencing because we remanded for a de novo sentencing pursuant to *Foster*. The only case that seems to support Berry's belief that a de novo resentencing is the equivalent of an original sentencing is *Crosier*, at *2, in which the Fifth District, without analysis, held that

> [t]he Court of Appeals vacated the relevant portion of the sentence. The action by the trial court was not a "resentencing" so as to remove the procedure from the mandate of the Criminal Rules. The sentencing was a "sentencing" within the meaning of Crim.R. 32(A)(1).

But, "resentencing" is "[t]he act or an instance of imposing a *new or revised* criminal sentence." (Emphasis added.) *Black's Law Dictionary* 1500 (10th Ed.2014). Imposing a "new or revised" sentence following our determination in *Berry* that the original sentence was improper is precisely what the trial court did.[3] Accordingly, we decline to adopt the view that the imposition of a new or revised sentence following remand—even if the hearing on remand is conducted de novo—constitutes an original sentencing hearing for purposes of the "without unnecessary delay" provision of Crim.R. 32(A).

---

[3] We also note that no other appellate districts have adopted this rationale, and the Fifth District determined in a more recent case that the "without unnecessary delay" provision of Crim.R. 32(A) "does not apply to defendants who must be resentenced * * *." *Feagin*, 5th Dist. Richland No. 10CA46, 2011-Ohio-2025, at ¶ 16.

8.

{¶ 17} Second, Berry argues that the trial court lost jurisdiction because the delay before her resentencing was so lengthy. The cases she cites in support of this argument—*Warren v. Ross*, 116 Ohio App.3d 275, 688 N.E.2d 3 (11th Dist.1996) and *Willoughby v. Lukehart*, 39 Ohio App.3d 74, 529 N.E.2d 206 (11th Dist.1987)—each involve the *original* imposition of sentence (i.e., the *first* time the court imposed a sentence, prior to any appeals), not a resentencing on remand from an appellate court, and they are thus inapplicable.

{¶ 18} In addition, we note that some courts considering delay in resentencing engage in a prejudice analysis—akin to a constitutional speedy-trial-time analysis—to determine whether the trial court lost jurisdiction to resentence the defendant. *See, e.g., Creech*, 4th Dist. Scioto No. 16CA3730, 2017-Ohio-6951, at ¶ 14-20 (conducting a prejudice analysis when appellant's arguments on appeal were based on both Crim.R. 32(A) and the Sixth Amendment to the U.S. Constitution). Berry does not raise any constitutional arguments regarding the delay in her resentencing. Regardless, even if she did, Berry could not establish prejudice because "when the defendant has been incarcerated during the length of the delay, and would not have been eligible for release during that time period, no prejudice exists." *Id.* at ¶ 17. The earliest that Berry would have been eligible for parole was January 2022, long after her resentencing date of October 28, 2019.

{¶ 19} In sum, because the "without unnecessary delay" provision of Crim.R. 32(A) does not apply to resentencing, Berry's argument that the trial court lost

9.

jurisdiction to resentence her is without merit. Therefore, her assignment of error is not well-taken.

### B. The trial court committed plain error on remand.

{¶ 20} Although we have determined that Berry's assigned error is not well-taken, we are compelled to notice two plain errors in the trial court's sentencing entry.

{¶ 21} Plain error is an error that affects an appellant's substantial rights. Crim.R. 52(B). An appellate court "'may recognize plain error, sua sponte, to prevent a miscarriage of justice.'" *State v. Magee*, 2019-Ohio-1921, 136 N.E.3d 800, ¶ 25 (6th Dist.), quoting *State v. Vinson*, 2016-Ohio-7604, 73 N.E.3d 1025, ¶ 66 (8th Dist.); *State v. Slagle*, 65 Ohio St.3d 597, 604, 605 N.E.2d 916 (1992) (recognizing that Crim.R. 52(B) allows an appellate court to sua sponte consider a trial error to which the appellant did not object). Three things are required to make an error a "plain error": (1) there must be an error, i.e., a deviation from a legal rule; (2) the error must be plain, i.e., the error "must be an 'obvious' defect in the trial proceedings"; and (3) the error must have affected a defendant's substantial rights, i.e., "the trial court's error must have affected the outcome of * * *" the proceedings. *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). Plain error should be found "only in exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Hill*, 92 Ohio St.3d 191, 203, 749 N.E.2d 274 (2001), citing *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

{¶ 22} We review felony sentences under R.C. 2953.08(G)(2). As relevant here, the statute provides that we may only modify or vacate an appellant's sentence if we find that the sentence is clearly and convincingly contrary to law. R.C. 2953.02(G)(2)(b).

### 1. The trial court committed plain error by imposing concurrent sentences for "merged" offenses.

{¶ 23} At Berry's original sentencing hearing, Berry's attorney, the prosecutor, and the court all agreed that the second-degree child endangering conviction was the predicate offense for the felony murder charge. The court stated that count 4 "is the underlying offense, [and] *that count should be merged with the sentence of the Court for the murder charge*[.]" (Emphasis added.) The trial court, however, did not direct the prosecutor to elect an offense to pursue for sentencing. Instead, the court went on to order that the sentence for count 4 "will run concurrent" with the murder sentence. Berry's attorney did not object. In the original sentencing entry, the trial court ordered Berry to serve the seven-year sentence for count 4 concurrently with the murder sentence because "Count 4 [was] the underlying offense for Count 1 * * *." Although concurrent sentences—rather than merged convictions—are reflected in the original sentencing entry, Berry did not appeal this aspect of the original sentencing entry. *See Berry*, 6th Dist. Lucas No. L-05-1048, 2007-Ohio-94.

{¶ 24} The concept of merger was not explicitly discussed at Berry's resentencing hearing. But, the trial court expressly found that Berry's conduct underlying count 4 (i.e., second-degree child endangering) was the same conduct underlying count 1 (i.e., felony murder). The trial court then reimposed the original prison sentences on each count, and

ordered that the sentences for counts 1 and 4 run concurrently. Berry's attorney did not object. In its resentencing entry, the trial court stated that "[c]ount 4 [i.e., second-degree child endangering] being the underlying charge to count 1, the offense of Murder, *therefore the counts merge*." (Emphasis added.) And, as it did at the resentencing hearing, the trial court ordered the sentences for counts 1 and 4 to run concurrently.

{¶ 25} The Double Jeopardy Clauses of the Fifth Amendment to the U.S. Constitution and Article I, Section 10, of the Ohio Constitution protect a criminal defendant from receiving multiple punishments for the same offense. *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 10. Under R.C. 2941.25(B), multiple convictions (and, therefore, multiple punishments) are permissible only if the offenses are of dissimilar import (i.e., the offenses involved either separate victims or separate and identifiable harm), were committed separately, or were committed with separate animus. *Id.* at ¶ 25. If multiple offenses involve the same victims, the same harm, the same conduct, and the same animus, they are "allied offenses of similar import" that must merge at sentencing into a single conviction. *See* R.C. 2941.25(B); *Ruff* at ¶ 25-26.

{¶ 26} If the defendant has been found guilty of allied offenses, the trial court must direct the prosecutor to elect an offense to pursue for sentencing, and then impose a sentence that is appropriate for the state's chosen offense. *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 20, 24 (the intent of R.C. 2945.21 is "clear that it is the state that chooses which of the allied offenses to pursue at sentencing * * *"; "[w]hen the state elects which of the two allied offenses to seek sentencing for, the court must accept the state's choice and merge the crimes into a single conviction for

12.

sentencing * * * and impose a sentence that is appropriate for the merged offense."
(Internal citation omitted.)). Moreover, although a trial court is not *required* to raise the
issue of allied offenses sua sponte, *State v. Lee*, 2018-Ohio-1839, 112 N.E.3d 65, ¶ 13-14
(8th Dist.), it *may* raise the issue sua sponte. *See State v. Straley*, 6th Dist. Lucas No. L-
15-1237, 2016-Ohio-5434 (no error in trial court's refusal to merge charges after the
court, unprompted, raised the issue of merger at sentencing). Indeed, the imposition of
multiple sentences for allied offenses of similar import is plain error. *State v.
Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 31. This is true even
if the trial court orders the defendant to serve the sentences for the allied offenses
concurrently because "[t]he imposition of concurrent sentences is not the equivalent of
merging allied offenses." *State v. Damron*, 129 Ohio St.3d 86, 2011-Ohio-2268, 950
N.E.2d 512, ¶ 17.

{¶ 27} Here, although the resentencing entry reflects concurrent sentences for
counts 1 and 4, the judgment entry also states that "[c]ount 4 being the underlying charge
to count 1, the offense of Murder, *therefore the counts merge*." (Emphasis added.)
Moreover, at the resentencing hearing, the trial court expressly found that the same
conduct underlies both counts—which suggests that the trial court engaged in an
incomplete merger analysis before ordering "the counts [to] merge" in its judgment entry.
Regardless, given that "a sentencing court speaks only through its judgment entry of
sentence, not its oral pronouncements[,]" *State v. Swiergosz*, 197 Ohio App.3d 40, 2012-
Ohio-830, 965 N.E.2d 1070, ¶ 49 (6th Dist.), citing *State v. Brooke,* 113 Ohio St.3d 199,

13.

2007-Ohio-1533, 863 N.E.2d 1024, ¶ 47, we must presume that the trial court intended to merge count 1 (felony murder) and count 4 (second-degree child endangering).[4]

{¶ 28} This, however, was plain error because the trial court did not follow the proper procedure to merge offenses. Because the trial court intended to merge count 1 and count 4—as stated in its judgment entry—it was required, at the resentencing hearing, to direct the prosecutor to elect a single offense for purposes of sentencing. *Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, at ¶ 20, 21 (the intent of R.C. 2945.21 is "clear that it is the state that chooses which of the allied offenses to pursue at sentencing * * *," and the state "retains the right to elect which allied offense to pursue on sentencing on a remand to the trial court after an appeal"). That is because, when offenses merge, "the defendant may be convicted of only one." R.C. 2941.25(A). And, because the trial court may sentence on only one offense, "[t]he imposition of concurrent sentences is not the equivalent of merging allied offenses." *Damron*, 129 Ohio St.3d 86, 2011-Ohio-2268, 950 N.E.2d 512, at ¶ 17.

---

[4] Additionally, we note that the trial court's inclusion of the statement that "[c]ount 4 being the underlying charge to count 1, the offense of Murder, therefore the counts merge" cannot be considered a clerical error. A "clerical error" is "a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment." (Internal quotations omitted.) *State v. Love*, 6th Dist. Lucas No. L-05-1087, 2006-Ohio-2925, ¶ 27. Whether multiple offenses are allied offenses of similar import and subject to merger is a question of law. *State v. Moore*, 2021-Ohio-765, -- N.E.3d --, ¶ 44 (6th Dist.), citing *State v. Roberson*, 2018-Ohio-1955, 113 N.E.3d 204, ¶ 12 (6th Dist.). Because a merger determination requires "a legal decision or judgment," *Love* at ¶ 27, the statement in Berry's resentencing entry the "the counts merge" is outside of the narrow scope of "clerical error."

14.

{¶ 29} "A sentence that contains an allied-offenses error is contrary to law." *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 14. The remedy for an allied-offenses error is remand to the trial court for a resentencing hearing at which the state must choose which of the allied-offenses convictions it wishes to proceed on. *Id.* at ¶ 13, citing *Whitfield,* at ¶ 24. Because the state has the discretion to select which conviction it wants to pursue at sentencing, the reviewing court cannot unilaterally correct the error by modifying the appellant's sentence. *Id.*, citing *Whitfield* at ¶ 22.

{¶ 30} Accordingly, we find that Berry's sentence is contrary to law under R.C. 2953.08(G)(2) and we must reverse and remand this case to the trial court for a resentencing hearing. At the resentencing hearing, the trial court may consider the issue of merger and, if the offenses are to be merged, the state must choose which of the two offenses it wishes to pursue for sentencing. The trial court "must accept the state's choice among allied offenses, 'merge the crimes into a single conviction for sentencing, * * * and impose a sentence that is appropriate for the merged offense.'" (Ellipsis sic.) *Wilson* at ¶ 13, quoting *Whitfield* at ¶ 24.

### 2. The trial court committed plain error by imposing costs that were reversed on appeal.

{¶ 31} Finally, we must address the trial court's imposition of costs in the October 31, 2019 sentencing entry. In *Berry*, we determined that there was no evidence in the record that the trial court considered Berry's ability to pay, so the trial court erred by ordering her to pay the costs of appointed counsel and costs under R.C. 2929.18(A)(4). *Berry*, 6th Dist. Lucas No. L-05-1048, 2007-Ohio-94, at ¶ 54-56. Although the trial court

15.

stated at the resentencing hearing that it intended to "waive costs pursuant to the appellate decision[,]" in the resentencing entry, the court again found that Berry "ha[d], or reasonably may be expected to have, the means to pay all or part of the applicable costs of supervision, confinement, assigned counsel, and prosecution as authorized by law" and ordered her to "reimburse the State of Ohio and Lucas County for such costs."

{¶ 32} On remand, a trial court is not permitted to deviate from the appellate court's mandate, but must follow the mandate on all questions of law that the appellate court decided. *Transamerica Ins. Co. v. Nolan*, 72 Ohio St.3d 320, 323, 649 N.E.2d 1229 (1995). Here, we mandated that the trial court refrain from imposing the costs of appointed counsel and costs authorized by R.C. 2929.18(A)(4). *Berry* at ¶ 55-56. Although it appears that the trial court intended to follow this mandate, "a sentencing court speaks only through its judgment entry of sentence, not its oral pronouncements[,]" *Swiergosz*, 197 Ohio App.3d 40, 2012-Ohio-830, 965 N.E.2d 1070, at ¶ 49, and the trial court's October 31, 2019 judgment entry deviated from our mandate by imposing costs that we clearly reversed. On that basis, we find that the trial court's imposition of costs that did not comply with our mandate was clearly and convincingly contrary to law and that the court committed plain error by imposing those costs.

### III. Conclusion

{¶ 33} We find Berry's sole assignment of error not well-taken because the "without unnecessary delay" provision of Crim.R. 32(A) does not apply to resentencing. Although Berry's assigned error is without merit, we find that the trial court committed plain error when sentencing Berry in two respects: (1) it ordered that count 1 and count 4

16.

"merge" but nonetheless entered concurrent sentences on those counts, and (2) it failed to follow our mandate from Berry's first appeal regarding costs. Accordingly, the October 31, 2019 judgment of the Lucas County Court of Common Pleas is reversed and this matter is remanded for further proceedings consistent with this decision.

{¶ 34} The state is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed, in part,
and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
                                                  JUDGE
Christine E. Mayle, J.         

                                                    _____
Carol Ann Robb, V.J.                                            JUDGE
CONCUR.

                                                    _____
                                                  JUDGE

Judge Carol Ann Robb, Seventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.