[Cite as *State v. Velesquez*, 2023-Ohio-1100.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                        Court of Appeals No.  L-22-1167

    Appellee                                          Trial Court No.  CR0202201153

v.

Roberto Velesquez                          **DECISION AND JUDGMENT**

    Appellant                                          Decided:  March 31, 2023

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lorrie J. Rendle, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Following a plea, the Lucas County Court of Common Pleas sentenced the

appellant, Roberto Velesquez, to a total stated minimum term of 10 years in prison with a

maximum indefinite term of 12.5 years.  The trial court's June 28, 2022 judgment entry

also imposed various costs.  On appeal, Velesquez challenges the imposition of

discretionary costs.  Because the state concedes error under 6th Dist.Loc.App.R. 10(H) and because we agree with the parties, that the imposition of the costs of confinement was contrary to law, we vacate that part of the judgment.  We affirm the judgment in all other respects.

## I. Background and Facts

{¶ 2} On June 15, 2022, Velesquez pleaded no contest to two counts of endangering children in violation of R.C. 2919.22(B)(1), (E)(1), and (E)(2)(d), both felonies of the second degree.  A third count of endangering children was dismissed as part of the plea agreement.  Following the state's recitation of the facts underlying the charges—which involve descriptions of Velesquez's children living in filth and squalor and being subjected to horrifying abuse and neglect—the trial court found Velesquez guilty.

{¶ 3} After imposing a prison term at the June 27, 2022 sentencing hearing, the trial court stated that Velesquez could "work off [his] court costs while in custody."  It did not expressly impose or refer to any other fees or costs, nor did it make any finding with respect to Velesquez's ability to pay financial sanctions.

{¶ 4} In its June 28, 2022 final judgment, the trial court made the following findings:

> Defendant found to have, or reasonably may be expected to have, the means to pay all or part of the applicable costs of supervision, confinement,

2.

and prosecution as authorized by law. Defendant ordered to reimburse the State of Ohio and Lucas County for such costs. This order of reimbursement is a judgment enforceable pursuant to law by the parties in whose favor it is entered.

{¶ 5} Velesquez appeals his conviction, raising one assignment of error:

**Assignment of Error**: The court improperly assigned costs of confinement and supervision in the judgment entry of sentencing, but not at the sentencing hearing, and without regard to appellant's ability to pay.

## II. Law and Analysis

{¶ 6} In his sole assignment of error, Velasquez argues that the trial court improperly ordered him to pay the costs of confinement and supervision. "Our standard of review on this issue is whether the imposition of costs was contrary to law." *State v. Ivey*, 6th Dist. No. L-19-1243, 2021-Ohio-2138, ¶ 7, citing R.C. 2953.08(A)(4) and (G)(2)(b).

{¶ 7} Velesquez concedes that the trial court "properly assessed" costs of prosecution. Indeed, such costs are mandatory under R.C. 2947.23(A)(1)(a) ("In *all* criminal cases, * * * the judge or magistrate *shall include* in the sentence the costs of prosecution * * * and render a judgment against the defendant for such costs.") (Emphasis added.)

3.

**{¶ 8}** Unlike the costs of prosecution, the costs of supervision and confinement are discretionary. *See* R.C. 2929.18 (A)(5)(a) ("* * * the court imposing a sentence upon an offender for a felony *may sentence* the offender to any financial sanction * * * including the following: (i) [a]ll or part of the costs of implementing any community control sanction, including a supervision fee under section 2951.021 of the Revised Code; (ii) [a]ll or part of the costs of confinement under a sanction imposed pursuant to section 2929.14, 2929.142, or 2929.16 of the Revised Code.) (Emphasis added.)

**{¶ 9}** If the court elects to impose discretionary costs, including the costs of supervision or confinement, it must affirmatively find that the defendant has or reasonably may be expected to have, the ability to pay. *See* R.C. 2929.19(A)(5) ("Before imposing a financial sanction under section 2929.18 of the Revised Code * * *, the court shall consider the offender's present and future ability to pay the amount of the sanction"); *see also Ivy* at ¶ 8; *State v. Eaton,* 6th Dist. Lucas No. L-18-1183, 2020-Ohio-3208, ¶ 33. "When the record on appeal contains no evidence reflecting the trial court's consideration of present or future ability to pay these costs—such as consideration of defendant's age, health, employment history, or level of education—the imposition of these costs is improper and must be vacated." *Ivy* at ¶ 8, citing *State v. Stovall*, 6th Dist. Lucas No. L-18-1048, 2019-Ohio-4287, ¶ 37 (Trial court's statement that it reviewed a PSI that included information on the defendant's financial, educational, and vocational background is sufficient to support imposition of discretionary costs).

4.

{¶ 10} "Although the 'best practice' is for the trial court to put the basis for its findings regarding a defendant's ability to pay on the record, the trial court is not *required* to explicitly make findings on the record." (Emphasis in the original.) *Ivy,* quoting *State v. Taylor*, 163 Ohio St.3d 508, 2020-Ohio-6786, 171 N.E.3d 290, ¶ 2. Nor is the court required to consider any specific factors in reaching its determination about a defendant's ability to pay. *Id.* citing *State v. VanCamp*, 6th Dist. Wood No. WD-15-034, 2016-Ohio-2980, ¶ 10. Although the court need not conduct a formal hearing as to the defendant's ability to pay discretionary costs, a finding of a defendant's ability to pay "must be supported by clear and convincing evidence in the record." *State v. Wymer*, 6th Dist. Lucas No. L-18-1108, 2019-Ohio-1563, ¶ 14.

{¶ 11} Here, the trial court did not impose the costs of supervision or confinement during the sentencing hearing, nor did it expressly consider Velesquez's present and future ability to pay such costs at that hearing. However, it its final judgment entry, the court stated that "[d]efendant found to have, or reasonably may be expected to have, the means to pay all or part of the applicable costs of supervision [and] confinement * * * as authorized by law." Velasquez asks us to "find that the costs of supervision and confinement included in the sentencing entry must be vacated * * *."

{¶ 12} As an initial matter, we note that the trial court did not order Velesquez to pay any costs of supervision in the sentencing entry. Costs of supervision are not applicable in this case because Velesquez was sentenced to prison. R.C. 2951.021(A)(1);

5.

*See, e.g., State v. Eaton,* 6th Dist. Lucas No. L-18-1183, 2020-Ohio-3208, ¶ 33 ("The costs of supervision are not at issue in this case because a prison term was imposed."). The trial court's judgment entry specifies that Velesquez must "pay the cost assessed pursuant to R.C. 9.92(C), 2929.18 and 2951.021 [i.e., costs of supervision] *if not sentenced to ODRC*." (Emphasis added.) Because Velesquez was sentenced to ODRC, he was not ordered to pay costs of supervision. Accordingly, our analysis focuses on the costs of confinement.

{¶ 13} Velesquez argues that the trial court improperly imposed the costs of confinement because it made no finding at the sentencing hearing regarding his ability to pay. And, although the court subsequently made an ability-to-pay determination in the judgment entry, Velesquez alleges that it was "conclusory" and not supported by any evidence in the record. Notably, the state concedes error because it recognizes that we have "previously found reversible error in similar situations," and the state asks us "to vacate only the portion of the sentencing entry pertaining to the costs of confinement and supervision."[1]

{¶ 14} We agree with the parties. The trial court record is devoid of any evidence to support the trial court's determination that Velesquez has, or may be expected to have, the means to pay costs of confinement. *Wymer* at ¶ 14 (a finding of a defendant's ability to pay "must be supported by clear and convincing evidence in the record"). According

---

[1] On March 14, 2023, the state filed a Notice of Conceded Error. *See* 6th Dist.Loc.R. 10(H).

to the record, Velesquez is 32 years old, with a "maybe [a] tenth-grade education" and no known employment history. He also suffers from an "altered mind" and "ongoing mental health issues," according to his sentencing memorandum. Contributing to his lack of employability is the fact that he has just begun serving a minimum ten-year prison sentence. Although he will still be a relatively young man when he is released, his lack of education and employment, poor health, and criminal record indicate that it is unreasonable to expect that Velesquez has or will have the financial ability to pay for his costs of confinement.

{¶ 15} In sum, based upon our review of the record, we find that the record does not contain clear and convincing evidence to support the trial court's determination that Velesquez has, or reasonably may be expected to have, a present or future ability to pay the costs of his confinement. *Accord State v. Maloy,* 6th Dist. Lucas No. L-1-1350, 2011-Ohio-6919, ¶15 (Defendant lacks ability to pay where he did not finish high school, has never been gainfully employed, and will be incarcerated until he is 94 years old).

{¶ 16} For the above reasons, we find that the trial court's imposition of the costs of confinement was contrary to law. Therefore, we find Velesquez's assignment of error well-taken, in part, but not well-taken with respect to the costs of supervision, which were not ordered in this case.

7.

### III. Conclusion

**{¶ 17}** The June 28, 2022 judgment of the Lucas County Court of Common Pleas is affirmed, in part, and reversed, in part.  The portion of the trial court's judgment that requires Velesquez to pay the costs of confinement is hereby vacated.  The remainder of the judgment is affirmed.  The state is ordered to pay the costs of this appeal pursuant to App.R. 24.  It is so ordered.

Judgment affirmed, in part,
and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.  *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.                                 _____
                                                        JUDGE

Gene A. Zmuda, J.

Charles E. Sulek, J.                                 _____
CONCUR.                                                          JUDGE

                                                     _____
                                                          JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.