[Cite as *State v. Henderson*, 2023-Ohio-4576.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No.  L-23-1098

    Appellee                              Trial Court No.  CR0202201999

v.

Mark Henderson                              **DECISION AND JUDGMENT**

    Appellant                             Decided:  December 15, 2023

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**ZMUDA, J.**

## I.  Introduction

{¶ 1} This matter is on appeal from the judgment and sentence entered by the

Lucas County Court of Common Pleas on April 12, 2023, sentencing appellant, Mark

Henderson, to a 24 month prison term after he entered a no contest plea to the lesser

included offense of attempted felonious assault in violation of R.C. 2923.02 and

2903.11(A)(1) and (D), a felony of the third degree, and ordered appellant to pay the costs of prosecution, as well as the costs of supervision or confinement and the costs of court-appointed counsel. We affirm, in part, as to imposition of the mandatory costs of prosecution. However, because we find error in the imposition of costs for supervision/confinement and court-appointed counsel, we reverse, in part, and vacate the discretionary costs imposed.

## II. Facts and Procedural Background

{¶ 2} On June 16, 2022, appellant was indicted on one count of felonious assault in violation of R.C. 2903.11(A)(1) and (D), a felony of the second degree, following an incident on October 1, 2021. On June 29, 2022, appellant appeared for arraignment and entered a plea of not guilty to the charge.

{¶ 3} On March 28, 2023, appellant withdrew his prior not guilty plea and entered a plea of no contest to the lesser included offense of attempted felonious assault in violation of R.C. 2923.02 and 2903.11(A)(1) and (D), a felony of the third degree. At the plea hearing, the state recited the facts that would have been proven at trial: that appellant struck the victim in the head with a tire iron, the victim required medical treatment including stitches and staples to close the wound near his ear, and the victim identified appellant through a photo array.

{¶ 4} After accepting the plea, the trial court found appellant guilty, referred the matter for a presentence investigation report, and scheduled a sentencing hearing for April 12, 2023.

2.

{¶ 5} At the sentencing hearing, appellant's trial counsel argued that community control was appropriate in this case and that appellant had employment waiting for him should he be released on community control. Prior to his arrest, appellant had full-time employment. The trial court did not address appellant's employment prospects, focusing instead on appellant's youth and prior record, and appellant's lack of remorse. The trial court's reference to the presentence investigation report was limited to the following:

> Mr. Henderson, you caused physical, serious physical harm to the victim when you struck him repeatedly with a tire iron. His injuries required medical attention which required six staples and four – six stitches and four staples to his ear and his scalp.
>
> In the pre-sentence report, you deny that you did anything to the victim and you claim that you were the victim. You are just 21 years old and although this is your first felony conviction, you have four felony arrests that were negotiated to misdemeanor convictions and you violated your probation in those cases. You also have one felony conviction as a juvenile and a total of fourteen misdemeanors.

{¶ 6} After considering the factors under R.C. 2929.11 and 2929.12, the trial court imposed a prison sentence of 24 months and provided notice of post-release control. Appellant then interrupted the hearing, arguing his trial counsel deceived him during the plea hearing, because appellant believed he would receive probation and not a prison

3.

term.  Appellant then sought to withdraw his plea.  The trial court denied the request and ended the hearing without any further findings or imposition of costs on the record.

{¶ 7} Following the hearing, the trial court entered a written judgment entry.  The court included the prison term as well as an order that appellant pay the costs of prosecution, costs of supervision/confinement, and costs of court-ordered counsel, despite failing to address the matter of costs on the record at the sentencing hearing.  As part of this entry, the trial court included a finding that appellant had the ability to pay costs.

### III.  Assignment of Error

{¶ 8} Appellant filed a timely appeal, asserting a single assignment of error:

> The trial court erred to the prejudice of Appellant when it found appellant had, or reasonably may be expected to have, the ability to pay all or part of the applicable costs of supervision, confinement, assigned counsel, and prosecution in the Judgment Entry, but failed to impose such costs as sentencing, and without finding that appellant had the ability to pay.

### IV.  Analysis

{¶ 9} The only error raised on appeal concerns the imposition of costs.  "Our standard of review on this issue is whether the imposition of costs was contrary to law." *State v. Velesquez,* 6th Dist. Lucas No. L-22-1167, 2023-Ohio-1100, ¶ 6, quoting *State v. Ivey*, 6th Dist. Lucas No. L-19-1243, 2021-Ohio-2138, ¶ 7, citing R.C. 2953.08(A)(4) and (G)(2)(b).

4.

{¶ 10} Despite including costs of prosecution as the costs challenged on appeal, appellant concedes that the trial court properly imposed the mandatory costs of prosecution, pursuant to R.C. 2947.23(A). The law is clear that, while imposition of *costs* is mandatory, a court retains jurisdiction to waive *payment* of those mandatory costs at any time. R.C. 2947.23(C); *see also State v. Braden,* 158 Ohio St.3d 462, 2019-Ohio-4204, 145 N.E.3d 235, ¶ 30. Thus, the trial court was required to impose costs of prosecution and appellant may seek waiver of payment of those costs in the future, an issue not before us in this appeal. Appellant's remaining challenge addresses only the imposition of the costs of supervision/confinement and costs of court-appointed counsel. Accordingly, we limit our review to whether the trial court erred in imposing these discretionary costs without first addressing the matter on the record during his sentencing hearing.

{¶ 11} Appellant challenges the imposition of costs of supervision, confinement, and the costs of court-appointed counsel. We note that the trial court sentenced appellant to a prison term, and not a community control sanction. As a result, costs of supervision do not apply in this case. *See State v. Eaton,* 6th Dist. Lucas No. L-18-1183, 2020-Ohio-3208, ¶ 33 ("The costs of supervision are not at issue in this case because a prison term was imposed."). Therefore, as the judgment entry specified only "applicable costs," we find the trial did not order appellant to pay the costs of supervision.

{¶ 12} The remaining costs at issue on appeal are costs of confinement and costs of court-appointed counsel. Both costs of confinement and costs of counsel "must be

5.

conditioned upon appellant's ability to pay." *State v. Wymer,* 6th Dist. Lucas No. L-18-1108, 2019-Ohio-1563, ¶ 14, citing *State v. Seals*, 6th Dist. Lucas No. L-17-1177, 2018-Ohio-2028, ¶ 14.

Specifically, R.C. 2941.51(D) provides, "[I]f the person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person, the person shall pay the county an amount that the person reasonably can be expected to pay." Likewise, R.C. 2929.18(A)(5)(a)(ii) authorizes as a financial sanction, "All or part of the costs of confinement * * * provided that the amount of reimbursement ordered under this division shall not exceed the total amount of reimbursement the offender is able to pay as determined at a hearing and shall not exceed the actual cost of the confinement." *Wymer* at ¶ 14.

{¶ 13} The parties do not dispute the trial court's failure to address costs at the sentencing hearing. However, appellee, the state of Ohio, argues that the costs of court-appointed counsel could be considered as part of the costs of prosecution, or in the alternative, that all costs were properly imposed because the trial court included them only in the judgment entry. Additionally, the state argues appellant waived any error related to the imposition of discretionary costs. We address each argument in turn.

{¶ 14} As to court-appointed counsel fees, we note the Ohio Supreme Court has addressed the character of these costs and rejected the state's argument that they are part of the costs of prosecution. In *State v. Taylor,* the Court noted, "R.C. 2941.51 explicitly

6.

states that court-appointed-counsel fees shall not be taxed as costs, which are required under R.C. 2947.23 to be included as a part of the defendant's sentence." *State v. Taylor,* 163 Ohio St.3d 508, 2020-Ohio-6786, 171 N.E.3d 290, ¶ 34.  Therefore, we do not consider attorney fees as part of the costs of prosecution, and instead address only whether the trial court's inclusion of these and other discretionary costs in the judgment entry, without first addressing appellant at hearing, was proper.

{¶ 15} As to waiver, the state argues that the record contained evidence supporting an ability to pay within the presentence investigation report, and appellant waived any challenge to these costs by not objecting to the information contained in the report.  We reject the state's argument, however, because the trial court imposed costs only in the sentencing entry, and ended the sentencing hearing prior to addressing these costs on the record.  Waiver generally requires knowledge of what is being waived. *State v. Blackburn,* 118 Ohio St.3d 163, 2008-Ohio-1823, 887 N.E.2d 319, ¶ 15. With no mention of costs at the sentencing hearing, appellant could not know the trial court intended to impose discretionary costs, and therefore, could not *knowingly* waive his challenge to such costs.

{¶ 16} Where courts fail to address discretionary costs at the sentencing hearing, but include imposition of costs within the sentencing entry, we have consistently found the imposition of costs to be contrary to law, and vacated the portion of the judgment imposing discretionary costs.  *See, e.g., Wymer* at ¶ 14 (trial court erred when it failed to make any finding regarding the ability to pay the discretionary costs at sentence but

7.

included those costs in the judgment entry); *State v. Hill,* 6th Dist. Lucas No. L-18-1160, 2020-Ohio-1237, ¶ 30, citing Wymer at ¶ 14 (where trial court failed to address discretionary costs at the sentencing hearing, but included such costs in the written judgment entry, imposition of these costs constituted error); *State v. Temple*, 6th Dist. Lucas No. L-18-1070, 2019-Ohio-3503, ¶ 13 (entering finding regarding ability to pay and imposing discretionary costs in the sentencing judgment entry, without addressing at sentencing hearing, not sufficient under Crim.R. 43(A)); *State v. Velesquez*, 6th Dist. Lucas No. L-22-1167, 2023-Ohio-1100, ¶ 12-13 (imposing costs without first engaging in the necessary analysis to determine an ability to pay, constituted error).

{¶ 17} Considering the record, and with no dispute regarding the trial court's failure to address discretionary costs at the sentencing hearing, we find the trial court erred in imposing the costs of confinement and costs of court-appointed counsel in the judgment entry, consistent with our prior decisions. Accordingly, we find the sole assignment of error well-taken, in part, and vacate the portion of the judgment that imposes costs of confinement and costs of court-appointed counsel.

### V. Conclusion

{¶ 18} For the forgoing reasons, we affirm the judgment of the Lucas County Court of Common Pleas, in part, as to imposition of the mandatory costs of prosecution, but reverse, in part, regarding imposition of discretionary costs. We vacate the portion of the judgment that imposes discretionary costs of confinement and court-appointed

8.

counsel. Appellant and appellee are ordered to split the costs of this appeal pursuant to

App.R. 24.

Judgment affirmed, in part,
reversed, in part, and vacated.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Gene A. Zmuda, J.                                    _____
                                                                            JUDGE

Myron C. Duhart, P.J.

                                                                   _____
Charles E. Sulek, J.                                                   JUDGE
CONCUR.

                                                                   _____
                                                                            JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.