[Cite as *State v. Ali*, 2024-Ohio-486.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No.  L-23-1123
                                                                      L-23-1129
        Appellee
                                                 Trial Court No.  CR0202201941
                                                                  CR0202201984
v.

Shahnaz Ali                                      **DECISION AND JUDGMENT**

        Appellant                                Decided:  February 9, 2024

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lorrie J. Rendle, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**SULEK, P.J.**

{¶ 1} In this consolidated appeal, appellant, Shahnaz Ali, appeals the April 19,

2023 judgments of the Lucas County Court of Common Pleas, convicting her of two

counts of felonious assault and sentencing her to minimum prison terms of three years

and maximum prison terms of four-and-a-half years on each count, to be served

concurrently with one another.  The court also imposed a period of postrelease control

and certain costs. For the following reasons, the trial court's judgments are reversed with respect to the imposition of the costs of confinement. The judgments are otherwise affirmed.

## I. Background

{¶ 2} In Lucas County Case no. CR0202201941, Shahnaz Ali pleaded no contest to felonious assault, a violation of R.C. 2903.11(A)(1) and (D), a second-degree felony. In Lucas County Case no. CR0202201941, Ali entered a plea of no contest to a second count of felonious assault. The trial court found Ali guilty, ordered a presentence investigation report and general sentencing evaluation by Court Diagnostic and Treatment Center ("CDTC"), and continued the matters for a sentencing hearing on April 19, 2023.

{¶ 3} At that hearing, it sentenced Ali to minimum prison terms of three years and maximum prison terms of four-and-a-half years on each count, to be served concurrently with one another. It also imposed 18 months to three years' mandatory postrelease control and ordered her to pay the costs of prosecution. The convictions and sentences were memorialized in judgments entered April 19, 2019. In those judgment entries, the court imposed costs as follows:

> Defendant found to have, or reasonably may be expected to have, the
> means to pay all or part of the applicable costs of supervision, confinement,
> and prosecution as authorized by law. Defendant ordered to reimburse the

2.

State of Ohio and Lucas County for such costs. This order of reimbursement is a judgment enforceable pursuant to law by the parties in whose favor it is entered. Defendant further ordered to pay the cost [sic] assessed pursuant to R.C. 9.92(C), 2929.18 and 2951.021 if not sentenced to ODRC. Notification pursuant to R.C. 2947.23 given. Defendant is found to have or reasonably may be expected to have the means to pay all or part of the costs of appointed counsel. The Court hereby assesses all or part of the assigned counsel fee against defendant. This is a civil judgment enforceable against defendant and is not part of defendant's criminal sentence.

{¶ 4} Ali appealed. She assigns a single error for our review:

THE TRIAL COURT IMPROPERLY ASSIGNED COSTS OF CONFINEMENT AND SUPERVISION IN THE JUDGMENT ENTRY OF SENTENCING, WITHOUT CONSIDERATION ON THE RECORD OF APPELLANT'S ABILITY TO PAY.

## II.    Law and Analysis

{¶ 5} Ali argues that the trial court erred when it assigned costs of confinement and supervision without considering on the record whether she has the ability to pay. She asserts that these costs were not addressed by the trial court at the sentencing hearing.

**{¶ 6}** This court reviews a challenge to the imposition of costs under R.C. 2953.08(A)(4) and (G)(2)(b) to determine whether it was contrary to law to impose such costs. *State v. Velesquez,* 6th Dist. Lucas No. L-22-1167, 2023-Ohio-1100, ¶ 6, quoting *State v. Ivey*, 6th Dist. No. L-19-1243, 2021-Ohio-2138, ¶ 7, citing R.C. 2953.08(A)(4) and (G)(2)(b).

**{¶ 7}** Before addressing whether the imposition of costs here was contrary to law, it is necessary to note that Ali was sentenced to prison, not community control. Under 2951.021(A)(1), a trial court may impose costs of supervision on a felony offender sentenced to a *community control* sanction. Because Ali was sentenced to a term of prison and not community control, the costs of supervision are not applicable here. *State v. Eaton,* 6th Dist. Lucas No. L-18-1183, 2020-Ohio-3208, ¶ 33 ("The costs of supervision are not at issue in this case because a prison term was imposed."); *Velesquez* at ¶ 12. Only the costs of confinement are at issue.[1]

---

[1] At the end of her brief, Ali also argues that we should find that costs of prosecution should be waived. But Ali's assignment of error only challenges the imposition of costs of *confinement* and *supervision*—not costs of prosecution. Moreover, costs of prosecution are mandatory costs that must be imposed in all criminal cases. R.C. 2947.23(A)(1)(a). The court need not consider the offender's ability to pay the costs of prosecution. *State v. Townsend*, 6th Dist. Lucas No. L-22-1214, 2023-Ohio-2625, ¶ 10.

{¶ 8} R.C. 2929.18(A)(5)(a) permits a court to order an offender to pay the costs of confinement, which are discretionary. *Velesquez* at ¶ 8; *Ivey* ¶ 8; *Townsend* at ¶ 10. Costs of confinement must be imposed on the record at the sentencing hearing and in the judgment entry. *Id.* at ¶ 14; *State v. Henderson*, 6th Dist. Lucas No. L-23-1098, 2023-Ohio-4576, ¶ 17. Moreover, before imposing the costs of confinement, the trial court must consider whether the offender has, or reasonably may be expected to have, the ability to pay these costs. *See* R.C. 2929.19(B)(5) (requiring the court to consider the offender's present and future ability to pay before imposing a financial sanction under R.C. 2929.18).

{¶ 9} The state acknowledges that the trial court "did not specifically discuss the imposition of the costs of confinement at the April 19, 2023 sentencing hearing"; the costs were imposed only in the judgment entries, along with a finding that Ali has, or reasonably may be expected to have, the means to pay these costs. But it maintains that because the court stated at the sentencing hearing that it considered the PSI—and the PSI contains an overview of Ali's education and employment history—the record supports a finding that Ali has, or reasonably may be expected to have, the means to pay the costs of confinement.

{¶ 10} "Where courts fail to address discretionary costs at the sentencing hearing, but include imposition of costs within the sentencing entry, we have consistently found the imposition of costs to be contrary to law, and vacated the portion of the judgment

5.

imposing discretionary costs." *Henderson* at ¶ 16, citing *State v. Wymer,* 6th Dist. Lucas No. L-18-1108, 2019-Ohio-1563, ¶ 14; *State v. Hill,* 6th Dist. Lucas No. L-18-1160, 2020-Ohio-1237, ¶ 30; *State v. Temple*, 6th Dist. Lucas No. L-18-1070, 2019-Ohio-3503, ¶ 13; *Velesquez* at ¶ 12-13; *but see State v. Fisher,* 6th Dist. Lucas No. L-22-1150, 2023-Ohio-2088, ¶ 34 (affirming imposition of discretionary costs despite trial court's failure to address them at sentencing hearing because information in PSI supported a finding of offender's ability to pay).

{¶ 11} Here, there is no dispute that the trial court failed to impose discretionary costs at the sentencing hearing. The trial court, therefore, erred in imposing the costs of confinement in the judgment entries. Accordingly, Ali's sole assignment of error is well-taken and the portions of the judgments that impose costs of confinement are vacated.

### III.   Conclusion

{¶ 12} Because the trial court failed to impose the costs of confinement on the record at the sentencing hearing, the imposition of those costs in the judgment entries was contrary to law. The April 19, 2023 judgments of the Lucas County Court of Common Pleas are reversed only as to the imposition of the costs of confinement. The portion of the judgments that impose those costs are vacated. The state is ordered to pay the costs of this appeal under App.R. 24.

Judgments affirmed, in part,
reversed, in part,
and vacated, in part.

6.

v. Shahnaz Ali
L-23-1123, L-23-1129

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Gene A. Zmuda, J.

Myron C. Duhart, J.

Charles E. Sulek, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.