[Cite as *State v. Sutton*, 2024-Ohio-2106.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No.  L-23-1094

    Appellee

Trial Court No.  CR0202102641

v.

Brandon Sutton                               **DECISION AND JUDGMENT**

    Appellant                                Decided:  May 31, 2024

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**DUHART, J.**

**{¶ 1}** This case is before the court on appeal by appellant, Brandon Sutton, from the

March 1, 2023 judgment of the Lucas County Court of Common Pleas.  For the reasons

that follow, the trial court's judgment is reversed and vacated with respect to the costs of

confinement only.

**Assignment of Error**

The trial court did not make a finding of [Sutton's] present or future

ability to pay prior to ordering payment of the costs of confinement.

## Background

{¶ 2} On October 12, 2021, Sutton was indicted on two counts of aggravated vehicular assault, in violation of R.C. 2903.08(A)(1)(a) and (B), felonies of the third degree, and one count of operating a vehicle while under the influence of alcohol, a drug of abuse, or a combination of them, in violation of R.C. 4511.19(A)91)(a) and (G)(1)(a), a misdemeanor of the first degree.

{¶ 3} On January 9, 2023, Sutton entered a plea of guilty to Count 1, aggravated vehicular assault, in violation of R.C. 2903.08(A)(1)(a) and (B), a violation of the third degree, and to an amended Count 2, the lesser included offense of vehicular assault, in violation of R.C. 2903.08(A)(2) and (C), a felony of the fourth degree. The court accepted the pleas and found Sutton guilty of Counts 1 and 2.

{¶ 4} A sentencing hearing was held on February 27, 2023. After statements were made by Sutton and his attorney, and on behalf of one of the victims, Sutton was sentenced to twenty-four months in prison as to Count 1, aggravated vehicular assault, and seventeen months in prison on Count 2, vehicular assault. These terms were ordered to be served consecutively. For a total term of incarceration of 41 months. A nolle prosequi was entered with respect to Count 3. Sutton was also ordered to pay all costs of prosecution as well as "any and all other fees under [R.C.] 2929.18(A)(4)."

{¶ 5} Also, in the sentencing judgment entry, the court found Sutton "to have, or reasonably may be expected to have, the means to pay all or part of the applicable costs of supervision, confinement, and prosecution as authorized by law" and ordered him to pay such costs.

2.

**{¶ 6}** Sutton appealed.

## Analysis

**{¶ 7}** Sutton has appealed the trial court's order that he pay costs of confinement, arguing that the court did not first make a finding as to his present or future ability to pay.

**{¶ 8}** We review "a challenge to the imposition of costs under R.C. 2953.08(A)(4) and (G)(2)(b) to determine whether it was contrary to law to impose such costs." *State v. Ali*, 2024-Ohio-486, ¶ 6 (6th Dist.), citing *State v. Velesquez*, 2023-Ohio-1100, ¶ 6 (6th Dist.).

**{¶ 9}** The imposition of costs of confinement is discretionary, and if the trial court elects to impose these costs, the trial court must first "affirmatively find that the defendant has, or reasonably may be expected to have, the ability to pay." *State v. Ivey*, 2021-Ohio-2138, ¶ 8 (6th Dist.). While it is not necessary that the trial court explicitly make these findings on the record, or hold a formal hearing, "a finding of his ability to pay must be supported by clear and convincing evidence in the record." *Id.* Such evidence could include the defendant's age, health, employment history, and level of education. *Id.,* citing *State v. Stovall*, 2019-Ohio-4287, ¶ 37 (6th Dist.). Additionally, costs of confinement must be imposed on the record at the sentencing hearing as well as in the judgment entry. *Ali* at ¶ 8.

**{¶ 10}** Here, the trial court did not impose the costs of confinement at the sentencing hearing. At the sentencing hearing, the judge only ordered Sutton to pay costs of prosecution as well as "any and all other fees under [R.C.] 2929.18(A)(4)." R.C. 2929.18(A)(4) does not govern costs of confinement, it deals with "state fines or costs" as

3.

defined in R.C. 2949.111. R.C. 2949.111(A)(2) defines "state fines or costs" to mean "any costs imposed or forfeited bail collected by the court under [R.C.] 2743.70 . . . for deposit into the reparations fund or under [R.C.] 2949.091 . . . for deposit into the indigent defense support fund established under [R.C.] 120.08 . . . and all fines, penalties, and forfeited bail collected by the court and paid to a law library association under [R.C.] 307.515 . . ."

{¶ 11} When trial courts impose discretionary costs within a judgment entry that were not addressed at the sentencing hearing, we have found the imposition of such costs to be contrary to law and have vacated the portion of the judgment imposing those costs. *Ali* at ¶ 10, quoting *State v. Henderson*, 2023-Ohio-4576, ¶ 17 (6th Dist.). *But see State v. Fisher*, 2023-Ohio-2088, ¶ 34 (6th Dist.).

{¶ 12} Although this error was not included in Sutton's assignment of error, nor argued in his brief, we "may recognize plain error, sua sponte, to prevent a miscarriage of justice." *State v. Magee*, 2019-Ohio-1921, ¶ 25 (6th Dist.), quoting *State v. Vinson*, 2016-Ohio-7604, ¶ 66 (8th Dist.). In order to be plain error, "(1) there must be an error, i.e., a deviation from a legal rule; (2) the error must be plain, i.e., the error 'must be an "obvious" defect in the trial proceedings'; and (3) the error must have affected a defendant's substantial rights, i.e., 'the trial court's error must have affected the outcome of * * *' the proceedings." *State v. Berry*, 2021-Ohio-2249, ¶ 21, citing *State v. Barnes*, 2002-Ohio-68. Plain error should only be found "in exceptional circumstances and only to prevent a manifest miscarriage of justice." *Id.*, quoting *State v. Hill*, 2001-Ohio-141.

4.

**{¶ 13}** We review felony sentences under R.C. 2953.08(G)(2). *Id.* at ¶ 22. Important here, R.C. 2953.08(G)(2) allows us to vacate an appellant's sentence if we find that the sentence is clearly and convincingly contrary to law. R.C. 2953.02(G)(2)(b).

**{¶ 14}** As the trial court's imposition of the costs of confinement in the judgment entry, and not the sentencing hearing, was contrary to law, we find that it was an obvious error that did affect the sentence, and thus we further find the imposition of those costs to be plain error. Accordingly, we find Sutton's assignment of error well-taken and we reverse the judgment of the Lucas County Common Pleas Court only as to the imposition of the costs of confinement. We vacate that portion of the judgment that imposes the cost of confinement. Pursuant to App.R. 24, the State is hereby ordered to pay the costs incurred on appeal.

Judgment affirmed,
in part, reversed, in part,
and vacated.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                       _____
                                                                JUDGE
Christine E. Mayle, J.

                                                          _____
Myron C. Duhart, J.                              JUDGE
CONCUR.

                                                          _____
                                                                JUDGE

---

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.