[Cite as *State v. Richardson*, 2024-Ohio-2840.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No.  L-24-1008

     Appellee                                       Trial Court No.  CR0202203016

v.

Armon Richardson                                **DECISION AND JUDGMENT**

     Appellant                                      Decided:  July 26, 2024

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lorrie J. Rendle, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**ZMUDA, J.**

## I.  Introduction

{¶ 1} This matter is before the court on appeal from the Lucas County Court of Common Pleas judgment of December 18, 2023, imposing costs as part of sentencing. For the reasons that follow, we reverse, in part, and vacate the discretionary costs ordered by the trial court.

## II.  Facts and Procedural History

{¶ 2} On December 6, 2022, appellant, Armon Richardson, was indicted on two counts of aggravated vehicular homicide, one count of aggravated vehicular assault, and one count of vehicular assault, all arising from a traffic accident on March 16, 2022. On

that date, appellant accelerated to 80-90 m.p.h. to beat a red light and struck another vehicle as it attempted to turn, killing the driver and seriously injuring the driver's 15-year-old daughter. As a result of plea negotiations, appellant entered a guilty plea to one count of aggravated vehicular homicide in violation of R.C. 2903.06(A)(2)(a) and (B), a felony of the third degree, and one count of vehicular assault in violation of R.C. 2903.08(A)(2)(b) and (C), a felony of the fourth degree. The state agreed to request dismissal of the remaining counts at sentencing. The trial court accepted the plea, found appellant guilty, and continued the matter for sentencing.

{¶ 3} On December 18, 2023, the trial court held a sentencing hearing. Appellant acknowledged his reckless conduct as a "terrible lapse in judgment" and acknowledged the pain caused to his victim's families because of his actions. The trial court imposed an aggregate prison term of 72 months. The trial court also suspended appellant's driver's license for 30 years, and pursuant to the plea agreement, dismissed the remaining counts in the indictment. The trial court did not address costs at sentencing, but in the written sentencing entry, ordered the following concerning costs:

> Defendant found to have, or reasonably may be expected to have, the means to pay all or part of the applicable costs of supervision, confinement, and prosecution as authorized by law. Defendant ordered to reimburse the State of Ohio and Lucas County for such costs. This order of reimbursement is a judgment enforceable pursuant to law by the parties in whose favor it is entered. Defendant further ordered to pay the costs assessed pursuant to R.C. 9.92(C), 2929.18 and 2951.021 if not sentenced to ODRC. Notification pursuant to R.C. 2947.23 given.

2.

### III. Assignment of Error

**{¶ 4}** Appellant raises the following assignment of error in this appeal:

I.  The court improperly assigned costs of supervision, confinement and prosecution in the judgment entry of sentencing, but not at the sentencing hearing, and without regard to appellant's ability to pay.

### IV. Analysis

**{¶ 5}** The sole issue on appeal concerns the imposition of costs in the sentencing entry, after the trial court failed to address costs at the sentencing hearing. We will reverse if the imposition of costs is contrary to law. *State v. Ali,* 2024-Ohio-486, ¶ 6 (6th Dist.), citing *State v. Velesquez,* 2023-Ohio-1100, ¶ 6 (6th Dist.), quoting *State v. Ivey,* 2021-Ohio-2138, ¶ 7 (6th Dist.); R.C. 2953.08(A)(4) and (G)(2)(b).

**{¶ 6}** The parties concede that costs of prosecution are mandatory costs, pursuant to R.C. 2947.23(A)(1)(a). Additionally, the costs of supervision are not "applicable" in appellant's case, as he was sentenced to a prison term. *See State v. Eaton,* 2020-Ohio-3208, ¶ 33 (6th Dist.).

**{¶ 7}** As to the remaining costs, the cost of confinement, the state acknowledges our precedent, reversing these costs where the trial court failed to impose them at the time of sentencing. *See State v. Henderson,* 2023-Ohio-4576, ¶ 17 (6th Dist.); *Ali* at ¶ 11, *Velesquez* at ¶ 12-13; *State v. Stovall,* 2019-Ohio-4287, ¶ 37 (6th Dist.). R.C. 2929.18(A)(5)(ii) permits a trial court to impose costs of confinement as part of sentence. However, these costs must be imposed "on the record at the sentencing hearing and in the judgment entry." *State v. Patterson,* 2024-Ohio-2198, ¶ 13 (6th Dist.), citing *Ali* at ¶ 8.

3.

Because the trial court failed to impose costs of confinement at sentencing, it could not add those costs to the judgment entry. *Patterson* at ¶ 13.

{¶ 8} Accordingly, we find the sole assignment of error well-taken, in part, as to the imposition of costs of supervision and confinement. We otherwise affirm the judgment as to the imposition of mandatory costs of prosecution pursuant to R.C. 2947.23

**V. Conclusion**

{¶ 9} We affirm the judgment, in part, and reverse only as to the imposition of discretionary costs. We vacate the portion of the judgment imposing costs of supervision and confinement. The parties are ordered to split the costs of this appeal pursuant to App.R. 24.

Judgment affirmed,
in part, reversed,
in part, and vacated.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Christine E. Mayle, J.

Gene A. Zmuda, J.

Myron C. Duhart, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

---

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

---

4.