[Cite as *State v. Williams*, 2025-Ohio-5560.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                     Court of Appeals No. L-25-00059

    Appellee                                   Trial Court No. CR2024-2322
                                                                          CR2024-2726
v.                                                                     CR2022-1335

Saije Dvonte Williams                      **DECISION AND JUDGMENT**

    Appellant                                  Decided: December 12, 2025

* * * * *

Julia R. Bates, Esq., Lucas County Prosecutor and
Randy L. Meyer, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, Esq., for appellant.

* * * * *

**SULEK, P.J.**

{¶ 1} In this consolidated appeal, appellant Saije Williams appeals the judgments

of the Lucas County Court of Common Pleas, following guilty pleas, which convicted

him, sentenced him to prison, and imposed costs.  For the reasons that follow, the trial court's judgments are affirmed, in part, and reversed, in part.

## I. Factual Background and Procedural History

{¶ 2} This appeal involves three separate cases that were before the trial court at the same sentencing hearing.  In case No. CR2024-2322, Williams had pleaded guilty to a lesser-included offense of burglary in violation of R.C. 2911.12(A)(3) and (D), a felony of the third degree.  In case No. CR2024-2726, he had pleaded guilty to one amended count of robbery in violation of R.C. 2911.02(A)(3) and (B), a felony of the third degree, and one count of grand theft when the property is a firearm or dangerous ordinance in violation of R.C. 2913.02(A)(1) and (B), a felony of the third degree.  In case No. CR2022-1335, Williams admitted to a community control violation based on his convictions in the other two cases.  For the three cases, the trial court imposed a total prison term of 65 months with credit for time served.

{¶ 3} Relevant here, in all three cases, the trial court imposed costs.  It stated at the sentencing hearing,

> I will impose costs of prosecution as they must be imposed under law.  And given your youth, health and employability, upon release, according to the court's estimation and the contents of the PSI, you are found to have or reasonably may be expected to have the means to pay all or part of the applicable costs of supervision, confinement and assigned counsel and have to reimburse the county and the State for those costs.

{¶ 4} Likewise, in its sentencing entries, the trial court stated,

> Defendant found to have, or reasonably may be expected to have, the means to pay all or part of the applicable costs of supervision, confinement,

2.

assigned counsel, and prosecution as authorized by law. Defendant ordered to reimburse the State of Ohio and Lucas County for such costs. This order of reimbursement is a judgment enforceable pursuant to law by the parties in whose favor it is entered. Defendant further ordered to pay the cost assessed pursuant to R.C. 9.92(C), 2929.18 and 2951.021. Notification pursuant to R.C. 2947.23 given.

## II. Assignment of Error

{¶ 5} Williams appeals his judgments of conviction, asserting one assignment of error for review:[1]

> 1. The court improperly assigned costs of supervision, confinement and assigned counsel in this matter.

## III. Analysis

{¶ 6} This court reviews a challenge to the imposition of costs under R.C. 2953.08(A)(4) and (G)(2)(b) to determine whether it was clearly and convincingly contrary to law. *State v. Velesquez*, 2023-Ohio-1100, ¶ 6 (6th Dist.), quoting *State v. Ivey*, 2021-Ohio-2138, ¶ 7 (6th Dist.), citing R.C. 2953.08(A)(4) and (G)(2)(b).

{¶ 7} Williams contests the trial court's order that he must pay the applicable costs of supervision, confinement, and assigned counsel.

{¶ 8} Regarding the costs of supervision, it is necessary to note that Williams was sentenced to prison, not community control. R.C. 2929.18(A)(5)(a)(i) states that one of the financial sanctions that may be imposed by the trial court is reimbursement of "[a]ll

---

[1] Williams timely appealed his conviction in case No. CR2024-2726. In a separate order, dated September 24, 2025, this court allowed Williams to also appeal case Nos. CR2022-1335 and CR2024-2322. His appeals from those three cases have been consolidated into this single appeal.

3.

or part of the costs of implementing any community control sanction, including a supervision fee under section 2951.021 of the Revised Code." Because Williams was sentenced to a term of prison and not community control, the costs of supervision are not applicable here. *State v. Eaton*, 2020-Ohio-3208, ¶ 33 (6th Dist.) ("The costs of supervision are not at issue in this case because a prison term was imposed."); *Velesquez* at ¶ 12.

{¶ 9} Turning to the costs of confinement, R.C. 2929.18(A)(5)(a)(ii) permits a financial sanction for reimbursement of "[a]ll or part of the costs of confinement under a sanction imposed pursuant to section 2929.14 . . . of the Revised Code, provided that the amount of reimbursement ordered under this division shall not exceed the total amount of reimbursement the offender is able to pay as determined at a hearing and shall not exceed the actual cost of the confinement." Costs of confinement must be imposed on the record at the sentencing hearing and in the judgment entry. *Velesquez* at ¶ 14; *State v. Henderson*, 2023-Ohio-4576, ¶ 17 (6th Dist.). Moreover, before imposing the costs of confinement, the trial court must consider whether the offender has, or reasonably may be expected to have, the ability to pay these costs. *See* R.C. 2929.19(B)(5) (requiring the court to consider the offender's present and future ability to pay before imposing a financial sanction under R.C. 2929.18). "A court need not make an explicit finding on the record regarding a defendant's ability to pay, but there must be clear and convincing evidence in the record to support this finding." *State v. De La Rosa*, 2025-Ohio-2418, ¶ 19 (6th Dist.), citing *State v. Burton*, 2023-Ohio-1596, ¶ 27 (6th Dist.).

4.

{¶ 10} Here, the trial court found that Williams has or reasonably may be expected to have the ability to pay the costs of confinement based on his "youth, health and employability." The trial court's finding is supported by the record from the sentencing hearing. Williams was 22 years old at the time of sentencing. His defense counsel conveyed that he was working through a company called Advanced Construction and was on the path towards becoming "an assistant foreman or assistant manager in foreman position." Williams himself told the court, "I worked hard and completed my classes and went to school for the career I'm in now." Further, during the presentence interview process, Williams reported that he was earning $23 per hour, and the company was willing to take him back if he was released.

{¶ 11} Considering this record, the trial court's finding of Williams's ability to pay the costs of confinement is supported by the evidence. The trial court's imposition of the costs of prosecution, therefore, is not clearly and convincingly contrary to law.

{¶ 12} Finally, as to the costs of assigned counsel, those costs are authorized by R.C. 2941.51(D), which provides, in relevant part, "[I]f the person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person, the person shall pay the county an amount that the person reasonably can be expected to pay." In *State v. Taylor*, 2020-Ohio-6786, ¶ 27, the Ohio Supreme Court held that R.C. 2941.51(D) unambiguously does not "support requiring a trial court to make explicit findings on the record regarding the defendant's ability to pay before assessing court-appointed counsel fees." The court continued,

5.

> Nonetheless, although R.C. 2941.51 does not require the trial court to make any explicit findings prior to assessing court-appointed-counsel fees against a defendant, making such findings explicitly on the record is the best practice. Indeed, doing so would give the parties a better understanding of the trial court's determination and would enable the appellate court to conduct a more meaningful review of the imposition of fees.

*Id.* at ¶ 28.

{¶ 13} In this case, the trial court expressly found that Williams had the ability to pay those costs, and as discussed above, that finding is supported by the totality of the record.

{¶ 14} Notwithstanding that, the trial court erred in ordering Williams to pay the costs of appointed counsel as part of his criminal sentence. In *Taylor*, the Ohio Supreme Court held that "because there is no statutory authority allowing a trial court to 'sentence' a defendant to pay court-appointed-counsel fees, such an order cannot be included as part of the defendant's sentence." *Taylor* at ¶ 35. Recognizing that the sentencing hearing is "the time during which the trial court likely has the most information about a defendant's finances and other circumstances," the court noted that "such fees may be assessed at the sentencing hearing." *Id.* at ¶ 33, 37. But, the Ohio Supreme Court instructed, "[I]f the assessment of the fees is included in the sentencing entry, the court must note that the assessment of the court-appointed-counsel fees is a civil assessment and is not part of the defendant's sentence. To avoid confusion, the best practice would be to include the order in a separate entry, apart from the sentence." *Id.* at ¶ 37.

6.

{¶ 15} Here, the judgment entry does not convey that the costs of court-appointed counsel are a civil assessment that is not part of Williams's sentence. *Compare State v. Nichols*, 2024-Ohio-5530, ¶ 37 (6th Dist.) (trial court expressly stated in sentencing entry that court-appointed-counsel fees were "not a financial sanction" and were "not a part of Defendant's judgment of conviction," and imposed those fees in a separate order stating that the fees were a civil matter). The trial court's imposition of the costs of appointed counsel as part of Williams's sentence is therefore contrary to law and must be vacated.

{¶ 16} Accordingly, Williams's assignment of error is well-taken, in part.

### IV. Conclusion

{¶ 17} For the foregoing reasons, the judgments of the Lucas County Court of Common Pleas are affirmed, in part, and reversed, in part. The portions of the judgments imposing the applicable costs of supervision and the costs of appointed counsel as part of Williams's sentences are reversed and vacated. The remaining portions of the judgments are affirmed.

{¶ 18} In *State v. Connin*, 2021-Ohio-4445 (6th Dist.), this court addressed a situation where Connin claimed that the trial court failed to affirmatively find that he had or reasonably may expect to have the ability to pay appointed-counsel fees. *Id.* at ¶ 38. Connin argued that the appointed-counsel fees should be vacated "without the necessity of remanding for a 'do over.'" *Id.* at ¶ 27. Although the state conceded error in that case, this court reviewed the record and concluded that it supported the trial court's determination of the appellant's present and future ability to pay appointed-counsel fees.

7.

*Id.* at ¶ 42.  Faced with the narrow assignment of error that "[t]he imposition of attorney fees is contrary to law," this court vacated "[Connin's] criminal sentence only to the extent of the trial court's order for [Connin] to pay appointed-counsel fees." *Id.*  This court then remanded the matter to the trial court "to include the civil assessment of the court-appointed counsel fees in a separate entry, apart from the sentence, as the best practice suggested in *State v. Taylor*." *Id.*; *State v. Saxer*, 2023-Ohio-3548, ¶ 23, 26 (6th Dist.); *see also State v. Phillips*, 2022-Ohio-1262, ¶ 20, 28 (2d Dist.) (vacating imposition of order to pay $130 to the assigned-counsel-budget fund because the order does not indicate that it is a civil assessment and not part of the criminal sentence, but remanding to the trial court "for purposes of issuing a separate entry ordering Phillips to pay the $130 fee as a civil assessment").

{¶ 19} Consistent with *Connin*, this matter is remanded to the trial court to include the civil assessment of the costs of appointed counsel in a separate judgment entry. Costs of this appeal are to be divided evenly between the parties pursuant to App.R. 24.

Judgments affirmed in part and
reversed in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.

_____
JUDGE

Gene A. Zmuda, J.

_____
JUDGE

Charles E. Sulek, P.J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.