[Cite as *State v. Biehler*, 2026-Ohio-383.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio

Appellee

v.

Anthony Biehler

Appellant

Court of Appeals No. S-25-008

Trial Court No. 23 CR 305

**DECISION AND JUDGMENT**

Decided: February 6, 2026

* * * * *

Beth Tischler, Sandusky County Prosecutor, and
Alexis M. Otero, Assistant Prosecuting Attorney, for appellee.

Brian A. Smith, for appellant.

* * * * *

**ZMUDA, J.**

## I. Introduction

{¶ 1} This matter is before the court on appeal from the judgment of the Sandusky County Common Pleas Court, sentencing appellant, Anthony Biehler, to a prison term of 17 months and ordering Biehler to pay "the costs of this action." The appellee, State of

Ohio, concedes error as to imposition of nonmandatory costs only.[1] Because the trial court only imposed mandatory costs, we affirm the judgment.

## II. Facts and Procedural Background

{¶ 2} On September 7, 2023, Biehler entered a guilty plea to an amended count of trespass in a habitation in violation of R.C. 2911.12(B), a felony of the fourth degree and one count of violating a protection order in violation of R.C. 2919.27(B)(2), a misdemeanor of the first degree. On October 24, 2023, the trial court imposed a 3-year term of community control, reserving a 17-month prison sentence.[2] On January 21, 2025, a notice of probation violation was filed in the case, alleging Biehler tested positive for cocaine on two occasions and failed to report to the Legends Recovery Center for treatment as directed.

{¶ 3} On March 3, 2025, Biehler appeared for a probation violation hearing and admitted to the violation. The trial court imposed the reserved sentence of 17 months and granted 311 days credit for time served. The trial court did not address the imposition of costs at sentencing.

---

[1] Pursuant to 6th Dist.Loc.App.R. 10(H), the State was required to file a notice of conceded error. Instead, the State advised the court of conceded error in its opposition brief.

[2] In its October 24, 2023 judgment entry imposing a community control sentence, the trial court imposed mandatory costs as well as the costs of court-appointed counsel pursuant to R.C. 2941.51(D). The only "cost bill" of record in this case, filed October 25, 2023, itemizes clerk fees, sheriff fees, and other fees (which includes a probation fee of $1,440.00). The 2023 judgment is not before this court on appeal.

2.

{¶ 4} On March 4, 2025, the trial court journalized its sentence. The sentencing entry included the following:

> IT IS FURTHER ORDERED that the Defendant shall be terminated unsuccessfully from probation and is responsible for the costs of this action. Judgment is hereby entered against the Defendant for such. The Court finds that the Defendant is likely to have the financial ability to pay such in the future.
>
> If the Defendant fails to pay that judgment or fails to timely make payments towards that judgment under a payment schedule approved by the court, the court may order the Defendant to perform community service in an amount of not more than forty hours per month until the Judgment is paid or until the court is satisfied that the Defendant is in compliance with the approved payment schedule.

{¶ 5} Biehler filed a timely appeal of this judgment.

### III. Assignment of Error and Analysis

{¶ 6} In challenging the judgment, Biehler asserts a single assignment of error, as follows:

> The trial court's sentence, with respect to the imposition of non-mandatory costs such as the applicable costs of supervision and costs of confinement, was contrary to law, where the trial court found that Appellant was "likely to have the financial ability to pay such in the future," but where the trial court did not impose these costs at Appellant's sentencing hearing, there was no finding as to Appellant's present ability to pay, and there was no clear and convincing evidence to support the trial court's findings.

{¶ 7} We review a trial court's imposition of costs under R.C. 2953.08(G)(2)(b), and will not reverse unless we find that imposition was contrary to law. *State v. Sutton,* 2024-Ohio-2106, ¶ 8 (6th Dist.), citing *State v. Ali,* 2024-Ohio-486, ¶ 6 (6th Dist.) (additional citation omitted.).  Biehler's assignment of error is based on his claim that the

3.

trial court imposed non-mandatory costs in its judgment, which required a finding that there is an ability to pay such costs. Biehler asserts that the trial court imposed the costs of supervision and confinement in its judgment. The record does not support this assertion.

{¶ 8} We have previously concluded that "the 'costs of this action' include the prosecution costs under R.C. 2947.23 and the mandatory fees under R.C. 2929.18(A)(4). See *State v. Lantz,* 2019-Ohio-3307, ¶ 18 (6th Dist.). The "costs of this action" are the only costs that the trial court's judgment imposes. Additionally, to the extent the trial court included a finding regarding Biehler's ability to pay, mandatory costs are imposed regardless of the ability to pay. *State v. Taylor,* 2020-Ohio-3514, ¶ 9-11. As a result, the trial court's language in the judgment entry noting an ability to play is of no effect, as surplusage.

{¶ 9} Having carefully considered the record, the argument of the parties, and the record, we disagree with the parties' view that the judgment entry imposed nonmandatory costs as part of the sentence. The judgment imposes only mandatory costs, and therefore, Biehler cannot be required to pay any nonmandatory costs. The sole assignment of error, accordingly, is found not well-taken.

4.

## IV. Conclusion

**{¶ 10}** We affirm the judgment of the Sandusky County Court of Pleas. Biehler is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Gene A. Zmuda, J.

JUDGE

Myron C. Duhart, J.

JUDGE

Charles E. Sulek, J.
CONCUR.

JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.