[Cite as *State v. Patterson*, 2024-Ohio-2198.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                        Court of Appeals No.  L-23-1216

       Appellee                                 Trial Court No.  CR0202301680

v.

Arron Patterson                                **DECISION AND JUDGMENT**

       Appellant                                Decided:  June 7, 2024

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

## I.  Introduction

{¶ 1} This matter is before the court on appeal from the sentence imposed by the

Lucas County Common Pleas Court September 20, 2023, following a no contest plea.

The trial court imposed a prison term of 18 months for one count of failure to comply

with the order a police officer and ordered appellant to pay the costs of prosecution, costs

of supervision, costs of confinement, and costs of appointed counsel. For the reasons that

follow, we affirm, in part, and reverse, in part, as to imposition of discretionary costs.

## II. Facts and Procedural History

**{¶ 2}** On February 1, 2023, police attempted to stop a vehicle driven by appellant, Arron Patterson, in Toledo, Ohio, after noticing the vehicle had no license plate displayed. Appellant did not stop but led police on a high-speed chase through the downtown Toledo area before entering the interstate and driving northbound into Monroe County, Michigan. Appellant finally came to a stop and police apprehended appellant as he fled the vehicle on foot.

**{¶ 3}** Appellant was charged with failure to comply with the order of a police officer in violation of R.C. 2921.331(B) and (C)(1) and (5)(a)(ii), a felony of the third degree. Appellant was arraigned and entered a plea of not guilty.

**{¶ 4}** On August 8, 2023, appellant entered a no contest plea to the charge. The state recommended a sentence including community control and the minimum license suspension of three years. The trial court conducted a plea colloquy with appellant and explained that the state's recommendation regarding sentence was not binding on the court. The trial court accepted the plea, found appellant guilty, and continued the matter for a presentence investigation.

**{¶ 5}** On September 20, 2023, the trial court held a sentencing hearing. After considering the statutory factors, the trial court determined appellant was not amenable to a community control sanction. The trial court then imposed sentence, including costs, as follows:

2

It is the order of the court that the defendant serve a term of 18 months in the Ohio Department of Rehabilitation and Corrections until released according to law and to pay the costs of prosecution.

The trial court made no other finding on the record regarding additional costs. However, the trial court filed its written judgment entry and included additional costs, not imposed on the record at the hearing, as follows:

Defendant found to have, or reasonably may be expected to have, the means to pay all or part of the applicable costs of supervision, confinement, and prosecution as authorized by law. Defendant ordered to reimburse the State of Ohio and Lucas County for such costs. This order of reimbursement is a judgment enforceable pursuant to law by the parties in whose favor it is entered. Defendant further ordered to pay the costs assessed pursuant to R.C. 9.92(C), 2929.18 and 2951.221 if not sentenced to ODRC. Notification pursuant to R.C. 2947.23 given. Defendant is found to have or reasonably may be expected to have the means to pay all or part of the costs of appointed counsel. The Court hereby assesses all or part of the assigned counsel fee against defendant. This is a civil judgment enforceable against defendant and is not part defendant's criminal sentence.

{¶ 6} Appellant filed a timely appeal of the judgment.

### III. Assignment of Error

{¶ 7} In his appeal, appellant assigns a single assignment of error:

The trial court abused its discretion when it found that appellant had, or reasonably was expected have, the ability to pay all or part of the applicable costs of supervision, confinement, assigned counsel and prosecution in the judgment entry, but failed to impose such costs at sentencing, and without finding that appellant had the ability to pay.

## IV. Analysis

{¶ 8} Appellant challenges the imposition of costs of supervision, confinement, and appointed counsel, while also conceding that the imposition of costs of prosecution was not error. Appellee, the state of Ohio, argues the costs of prosecution were properly imposed and, additionally, because the trial court retained jurisdiction over the costs of prosecution, any failure to address additional costs at the sentencing hearing can be cured through a nunc pro tunc entry.

{¶ 9} As an initial matter, we note that a nunc pro tunc entry is "limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide." *State ex rel. Davis v. Janas,* 2020-Ohio-1462, ¶ 13, citing *State ex rel. Mayer v. Henson,* 2002-Ohio-6323, ¶ 14, quoting *State ex rel. Fogle v. Steiner,* 74 Ohio St.3d 158, 164 (1995). Therefore, a nunc pro tunc entry is not proper to substantively modify the trial court's decision or findings at the sentencing hearing. While a failure to incorporate findings made at the sentencing hearing in the written entry might be cured through a nunc pro tunc entry, "a nunc pro tunc entry cannot cure the failure to make the required findings at the time of imposing sentence." *State v. Bonnell,* 2014-Ohio-3177, ¶ 30, citing *State v. Miller,* 2010-5705, ¶ 16.

{¶ 10} Additionally, it is well-settled that costs of prosecution, imposed under R.C. 2947.23(A)(1)(a), are mandatory and "do not include costs imposed under separate statutory provisions, requiring separate determinations." *See State v. Walker,* 2020-Ohio-839, ¶ 72 (6th Dist.), citing *State v. Faulkner,* 2011-Ohio-2696, ¶ 9 (6th Dist.); *State v.*

4

*Middlebrooks,* 2019-Ohio-2149, ¶ 33 (6th Dist.) (additional citation omitted.). Thus, the continuing jurisdiction to "waive, suspend, or modify the payment of the costs of prosecution" under R.C. 2947.23(C) pertains only to the mandatory costs of prosecution, and not additional, discretionary costs imposed under separate statutes. *Walker* at ¶ 71-72 (rejecting argument that R.C. 2947.23(C) provides continuing jurisdiction to address discretionary costs).

{¶ 11} In this case, appellant concedes proper imposition of the costs of prosecution, which are mandatory under R.C. 2947.23(A)(1)(a). The only challenged costs, therefore, are the costs of supervision, costs of confinement, and costs of appointed counsel. We review the imposition of the costs of supervision and confinement under R.C. 2953.08(A)(4) and (G)(2)(b) and will reverse if we find it was contrary to law to impose these costs. *State v. Ali,* 2024-Ohio-486, ¶ 6 (6th Dist.), citing *State v. Velesquez,* 2023-Ohio-1100, ¶ 6 (6th Dist.), quoting *State v. Ivey,* 2021-Ohio-2138, ¶ 7 (6th Dist.). An order to pay the costs of court-appointed counsel, however, is not part of the criminal sentence. *State v. Taylor,* 2020-Ohio-6786, ¶ 37. We separately review the order to pay the costs of appointed counsel to determine whether the trial court imposed that obligation after considering the present and future ability to pay appointed-counsel fees. *State v. Connin,* 2021-Ohio-4445, ¶¶ 41-42 (6th Dist.).

{¶ 12} First, as to costs imposed for supervision, we note that the trial court imposed "applicable" costs of supervision in the sentencing entry. These costs are not "applicable" in appellant's case because the trial court sentenced him to a prison term.

5

*See State v. Eaton,* 2020-Ohio-3208, ¶ 33 ("The costs of supervision are not at issue in this case because a prison term was imposed.").

**{¶ 13}** As to costs of confinement, we note no imposition of these costs at the sentencing hearing. "Costs of confinement must be imposed on the record at the sentencing hearing and in the judgment entry." *State v. Ali,* 2024-Ohio-486, ¶ 8, citing *State v. Velesquez,* 2023-Ohio-1100, ¶ 14 (6th Dist.); *State v. Henderson,* 2023-Ohio-4576, ¶ 17 (6th Dist.) R.C. 2929.18(A)(5)(ii) permits a "court imposing a sentence upon an offender for a felony" to impose costs of confinement in an amount "as determined at a hearing," not to "exceed the actual cost of the confinement." Because the trial court failed to impose costs of confinement at the sentencing hearing, it could not add those costs to the judgment entry.

**{¶ 14}** Finally, the trial court did not address the court-appointed counsel fees at the hearing. R.C. 2941.51(D) requires payment of these fees "if that person has, or reasonably may be expected to have, the ability to pay some part of the costs of the services rendered." *State v. Taylor,* 2020-Ohio-6786, ¶ 33. The trial court confined the hearing to sentencing, and while costs of prosecution, fines, and financial sanctions are part of a defendant's sentence, a trial court has no authority to "sentence" a defendant to pay the fees for court-appointed counsel. *Taylor* at ¶ 35.

**{¶ 15}** A trial court may assess court-appointed counsel fees at the sentencing hearing, separate from the determination of financial obligations as part of the sentence. *Taylor* at ¶ 37. However, the trial court did not address court-appointed counsel fees

6

under R.C. 2941.51(D) at the hearing. Instead, the trial court included the fees as a civil judgment within the sentencing entry, without making findings on the record and without specifying "an amount that the person reasonably can be expected to pay." *See* R.C. 2941.51(D).

{¶ 16} The record, in this case, lacks clear and convincing evidence of appellant's ability to pay, necessary to impose the obligation for the cost of court-appointed counsel. Here, while appellant is only 22 years old, he was incarcerated between March of 2019 and March of 2022, had no verified employment history, and had not completed high school. He also has a lengthy criminal record, as specifically noted by the trial court in imposing a prison term rather than the state-recommended community control sanction. Considering this record, we do not find clear and convincing evidence of appellant's ability to pay the costs of his court-appointed counsel.

{¶ 17} Accordingly, upon consideration of the record, we find appellant's assignment of error well-taken, in part, as to the imposition of costs of supervision and confinement, and as to the assessment of the cost of court-appointed counsel. We find appellant's assignment of error not well-taken, in part, as to imposition of the mandatory costs of prosecution pursuant to R.C. 2947.23.

## V. Conclusion

{¶ 18} We affirm the judgment, in part, and reverse only as to the imposition of discretionary costs. We vacate the portion of the judgment imposing costs of supervision

and confinement and vacate the imposition of court-appointed counsel fees as a civil

judgment. The parties are ordered to split the costs of this appeal pursuant to App.R. 24.

Judgment affirmed, in part,<br>
reversed, in part, and vacated.

        A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                                _____
                                                            JUDGE

Christine E. Mayle, J.

                                                _____
Gene A. Zmuda, J.                                            JUDGE
CONCUR.

                                                _____
                                                            JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.