**[Cite as *State v. Brazzel*, 2024-Ohio-2752.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

Appellee

v.

Joshua Brazzel

Appellant

Court of Appeals Nos.  L-23-1218
L-23-1219

Trial Court Nos.   CR0202102490
CR0202102847

**DECISION AND JUDGMENT**

Decided:  July 19, 2024

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**ZMUDA, J.**

## I.  Introduction

**{¶ 1}** In this consolidated appeal, appellant, Joshua Brazzel, appeals the judgment of the Lucas County Court of Common Pleas, following his admission to violating the terms and conditions of his community control sanction in case Nos. CR 2021-2490 and

CR 2021-2847.[1] The trial court sentenced Brazzel to a prison term of 48 months in case No. CR 2021-2490 and a prison term of 36 months in case No. CR 2021-2847, ordered the sentences to be served concurrently, and imposed costs of prosecution, supervision, and confinement in the written judgment entry of each case. Because the trial court failed to address the discretionary costs on the record at the time of sentencing, we reverse in part, as to imposition of discretionary costs.

## II. Facts and Procedural History

{¶ 2} On September 20, 2021, Brazzel was indicted in case No. 2021-2490 on one count of burglary in violation R.C. 2911.12(A)(2) and (D), a felony of the second degree. On November 16, 2021, Brazzel was indicted in case No. 2021-2847 on one count of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2) and (C)(1)(d) and one count of aggravated possession of drugs in violation of R.C. 2925.11(A) and (C)(1)(c), each a felony of the second degree. Brazzel appeared for arraignment and entered pleas of not guilty in each case.

{¶ 3} On July 19, 2022, Brazzel withdrew his previous pleas of not guilty and entered guilty pleas to an amended charge of attempted burglary in violation of R.C. 2923.02 and 2911.12(A)(2) and (D) in case No. 2021-2490, and an amended charge of possession of drugs in violation of R.C. 2925.11(A) and (C)(1)(b) in case No. 2021-2847, both felonies of the third degree. Pursuant to the plea agreement, the state requested

---

[1] We note that Brazzel included case No. CR 2022-1274 in his appeal. On September 13, 2022, the trial court entered a dismissal by nolle prosequi as to that case; there is no final judgment to appeal in case No. CR 2022-1274.

2.

dismissal of the trafficking charge in case No. 2021-2847 and dismissal of the indictment in a third case, case No. 2022-1274. The trial court accepted the plea, found Brazzel guilty, and continued the matter for sentencing.

{¶ 4} On September 13, 2022, the trial court held a sentencing hearing in both cases. The trial court sentenced Brazzel to 3-year term of community control in both cases and entered a nolle prosequi as to the trafficking count in case No. CR 2021-2847 and the indictment in case No. CR 2022-1274.

{¶ 5} In November 2022, notice of community control violations was filed in each case, noting new criminal charges in Toledo Municipal Court and a conviction in Sandusky County, for which Brazzel was serving a jail sentence. On November 29, 2022, Brazzel appeared for a hearing on the community control violation. The trial court appointed counsel and continued the hearing on the violation.

{¶ 6} On September 12, 2023, Brazzel appeared for hearing on the community control violation, waived hearing, and admitted the violation. The trial court revoked the community control previously imposed and ordered Brazzel to serve an aggregate prison term of 48 months in the two cases. The trial court gave notice to Brazzel of his appellate rights and concluded the hearing without any mention of costs.

{¶ 7} The trial court's judgment entry in each case, however, contained an identical order to pay costs, as follows:

> Defendant found to have, or reasonably may be expected to have, the means to pay all or part of the applicable costs of supervision, confinement, and prosecution as authorized by law. Defendant ordered to reimburse the State of Ohio and Lucas County for such costs. This order of

3.

reimbursement is a judgment enforceable pursuant to law by the parties in whose favor it is entered. Defendant further ordered to pay the cost assessed pursuant to R.C. 9.92(C), 2929.18 and 2951.021 if not sentenced to ODRC. Notification pursuant to R.C. 2947.23 given.

{¶ 8} Brazzel filed a timely notice of appeal from this judgment.

### III. Assignment of Error

{¶ 9} Brazzel asserts a single assignment of error on appeal, as follows:

The trial court abused its discretion when it found that appellant had, or reasonably was expected to have, the ability to pay all or part of the applicable costs of supervision, confinement, assigned counsel, and prosecution in the judgment entry, but failed to impose such costs at sentencing, and without finding that appellant had the ability to pay.

### IV. Analysis

{¶ 10} In challenging the judgment on appeal, Brazzel acknowledges that the costs of prosecution, pursuant to R.C 2947.23, are mandatory and concedes that imposition of costs of prosecution was not error. Therefore, Brazzel limits his appeal to imposition of costs of supervision, confinement, and assigned counsel. The state, in opposition, argues that the trial court retains continuing jurisdiction over "court costs" under R.C. 2947.23(C), and therefore any error may be "cured either by a nunc pro tunc order in the trial court, by a defense motion filed in the trial court seeking to waive any costs imposed, or by [the appellate court] directly modifying the sentencing entry related to costs, under the provisions of R.C. 2953.08(G)(2)."

{¶ 11} We agree with Brazzel that the costs of prosecution are mandatory, and therefore not at issue in this appeal. We disagree with the state that a trial court retains continuing jurisdiction over all "court costs" under R.C. 2947.23, or that a nunc pro tunc

4.

entry can correct the trial court's failure to address the costs on the record at the sentencing hearing.

{¶ 12} As we have previously noted, the costs of prosecution, imposed under R.C. 2947.23(A)(1), "do not include costs imposed under separate statutory provisions, requiring separate determinations." *State v. Patterson,* 2024-Ohio-2198, ¶ 10 (6th Dist.), quoting *State v. Walker,* 2020-Ohio-839, ¶ 72 (6th Dist.), citing *State v. Faulkner,* 2011-Ohio-2696, ¶ 9 (6th Dist.) (additional citation omitted.). Furthermore, a nunc pro tunc entry is "limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide." *Patterson* at ¶ 9, quoting *State ex rel. Davis v. Janas,* 2020-Ohio-1462, ¶ 13 (additional citations omitted.). A "nunc pro tunc entry cannot cure the failure to make the required findings at the time of imposing sentence." *Patterson* at ¶ 9, quoting *State v. Bonnell,* 2014-Ohio-3177, ¶ 30, citing *State v. Miller,* 2010-Ohio-5705, ¶ 16.

{¶ 13} The parties also dispute the imposition of costs of supervision. However, in this case, the trial court ordered Brazzel to pay the costs of supervision *as applicable* and "if not sentenced to ODRC." These costs are not "applicable" in appellant's case because the trial court sentenced him to a prison term. *See State v. Eaton*, 2020-Ohio-3208, ¶ 33 (6th Dist.) ("The costs of supervision are not at issue in this case because a prison term was imposed.").

5.

{¶ 14} Finally, Brazzel challenges the costs of court-appointed counsel. We can find nothing within the judgment entry imposing costs of court-appointed counsel and based on this record, conclude the trial court did not impose this obligation on Brazzel.

{¶ 15} The sole challenge on appeal, therefore, concerns the trial court's imposition of costs of confinement in the judgment entry, after failing to include these costs in the sentence imposed at the time of sentencing. We review the imposition of the costs of confinement under R.C. 2953.08(A)(4) and (G)(2)(b) and will reverse if we find it was contrary to law to impose these costs. *State v. Ali*, 2024-Ohio-486, ¶ 6 (6th Dist.), citing *State v. Velesquez*, 2023-Ohio-1100, ¶ 6 (6th Dist.), quoting *State v. Ivey*, 2021-Ohio-2138, ¶ 7 (6th Dist.), citing R.C. 2953.08(A)(4) and (G)(2)(b).

{¶ 16} R.C. 2929.18(A)(5)(ii) permits a trial court to impose costs of confinement as part of the sentence. "Costs of confinement must be imposed on the record at the sentencing hearing and in the judgment entry." *Patterson* at ¶ 13, quoting *Ali* at ¶ 8 (additional citation omitted.). Because the trial court failed to impose costs of confinement at sentencing, it could not add those costs to the judgment entry. *See Patterson* at ¶ 13.

{¶ 17} Accordingly, based on the record on appeal, we find Brazzel's sole assignment of error well-taken, in part, as to the imposition of costs of supervision and confinement. We otherwise affirm the judgment as to imposition of mandatory costs of prosecution pursuant to R.C. 2947.23.

6.

## V. Conclusion

**{¶ 18}** We affirm the judgment, in part, and reverse only as to the imposition of discretionary costs. We vacate the portion of the judgment imposing costs of supervision and confinement. The parties are ordered to split the costs of this appeal pursuant to App.R. 24.

Judgment affirmed, in part,
reversed, in part,
and vacated.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

Gene A. Zmuda, J.

Charles E. Sulek, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.