**[Cite as *State v. Heier*, 2026-Ohio-2022.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                           Court of Appeals No.  L-25-00252

      Appellee                                        Trial Court No.  CR0202500257

v.

Rachel Heier                                           **DECISION AND JUDGMENT**

      Appellant                                       Decided: May 29, 2026

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Angelina Wagner, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Defendant-appellant, Rachel Heier, appeals the October 2, 2025 judgment of

the Lucas County Court of Common Pleas, convicting her of child endangering,

sentencing her to a prison term of 36 months, and ordering her to pay the "costs of

supervision, confinement, assigned counsel, and prosecution." For the following reasons, we affirm, in part, and reverse, in part.

## I. Background

{¶ 2} Rachel Heier entered a plea of no contest to one count of child endangering, a violation of R.C. 2919.22(A) and (E)(2)(c), a third-degree felony. The trial court accepted the plea, made a finding of guilty, ordered a presentence investigation, and continued the matter for sentencing. At the sentencing hearing, the trial court sentenced Heier to a prison term of 36 months and up to two years' discretionary post-release control. After finding that Heier had the present or future ability to pay, the court imposed "the applicable costs of supervision, confinement, assigned counsel, and prosecution as authorized by law."

{¶ 3} Heier appealed. She assigns the following error for our review:

> The trial court improperly assigned financial sanctions when it found appellant had, or reasonably may be expected to have, the ability to pay all or part of the applicable costs of supervision, confinement, and assigned counsel, all of which are discretionary costs, without finding that appellant had the ability to pay.

## II. Law and Analysis

{¶ 4} Heier challenges the trial court's imposition of discretionary costs, including the "costs of supervision, confinement, and assigned counsel." The costs of supervision are inapplicable here given that Heier was sentenced to prison, not community control. *See State v. Velesquez*, 2023-Ohio-1100, ¶ 12 (6th Dist.), citing R.C. 2951.021(A)(1). We address the costs of confinement and assigned-counsel fees separately because while

2.

courts have discretion to impose the costs of confinement and assess assigned-counsel fees, the former constitutes a part of Heier's sentence, while the latter does not.

## A. Costs of Confinement

{¶ 5} Heier argues that the trial court erred in imposing the costs of confinement. She acknowledges that the court "arguably made a conclusory finding" at the sentencing hearing regarding her ability to pay the costs of confinement, but she claims that "there was no discussion" of her employment status outside the fact that she lost her part-time job, and there was "no indication of her income, employment skills or educational level."

{¶ 6} Under R.C. 2929.18(A)(5)(a)(ii) and (E), a trial court may require an offender to pay all or part of the costs of confinement if it finds that he or she is able to pay, or is likely in the future to be able to pay. The court need not conduct a formal hearing to determine the defendant's ability to pay, and it need not explain its findings on the record. *State v. Ivey,* 2021-Ohio-2138, ¶ 8 (6th Dist.). We review a trial court judgment imposing the costs of confinement under R.C. 2953.08(A)(4) and (G)(2)(b) and will reverse if we find that the imposition of these costs was contrary to law. *State v. Patterson,* 2024-Ohio-2198, ¶ 11 (6th Dist.).

{¶ 7} The trial court explicitly found that Heier has or is reasonably expected to have the means to pay the costs of confinement. It did so orally at the sentencing hearing, then it incorporated this finding into its sentencing entry. As indicated above, the trial court was not required to state the basis for its finding. In fact, this court has explained that a trial court's indication that it reviewed a PSI that includes information

3.

about the defendant's financial, educational, and vocational background may support its imposition of discretionary costs. *Id.,* citing *State v. Cantrill*, 2020-Ohio-1235, ¶ 91 (6th Dist.).

{¶ 8} Here, Heier stated at the plea hearing that she attended college for four years. At the sentencing hearing, her attorney advised the court that Heier "is self-employed with a pallet business," and was working for Walmart as a "Spark driver" at the time of the offense. The PSI—which the court clearly read—indicates that Heier was 39 years old at the time of sentencing, is in good physical health, owns a pallet business that generates income, was working as a Walmart Spark driver, and has several years of college education. She was sentenced to 36 months in prison, so she will be only 42 years old upon her release. The record indicates that Heier lost her job with Walmart because of her conviction, however, her age, health status, education, and employment history all suggest that Heier will be employable after her release from prison and, therefore, able to pay the costs of confinement. The imposition of these costs was not contrary to law.

### B. Appointed-Counsel Costs

{¶ 9} As for the assessment of appointed-counsel fees, Heier again argues that the trial court made only "a conclusory finding that [she] would have the ability to pay such costs in the future," and she complains that the court pointed to nothing in the record to support its finding.

4.

{¶ 10} Under R.C. 2941.51(D), the fees and expenses of appointed counsel "shall be paid by the county" and "shall not be taxed as part of the costs."  Having said this, the trial court has authority to assess appointed-counsel fees upon a defendant if the defendant "has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person[.]"  *State v. Taylor,* 2020-Ohio-6786, ¶ 24; R.C. 2941.51(D).  It may do so "without making specific findings on the record to justify the fee assessment."  *Id.* at ¶ 2.

{¶ 11} An order to pay appointed-counsel fees "is not part of the criminal sentence."  *Id.* at ¶ 37.  While these fees may be imposed at the sentencing hearing, they should be imposed in a separate entry.  *Id.* at ¶ 32.  "[I]f the assessment of the fees is included in the sentencing entry, the court must note that the assessment of the court-appointed-counsel fees is a civil assessment and is not part of the defendant's sentence."  *Id.*  Because the assessment of these fees is not part of a defendant's sentence, "we do not review the issue under R.C. 2953.08 for appeals based on felony sentencing."  *State v. Radabaugh,* 2024-Ohio-5640, ¶ 79 (3d Dist.), *appeal not allowed,* 2025-Ohio-231.  Rather, we employ an abuse-of-discretion standard of review.  *Id.  See also Taylor* at ¶ 41 (DeWine, J. concurring) (signaling that proper standard of review is abuse of discretion).

{¶ 12} Here, as previously explained, the trial court explicitly found that Heier has or reasonably may be expected to have the means to pay all or part of the assigned-counsel fees, and the record supports this finding.  But the trial court failed to comply

5.

with *Taylor*,[1] insofar as it lumped the "costs of supervision, confinement, assigned counsel, and prosecution" together within the sentencing entry without recognizing—and specifically stating—that "the assessment of the court-appointed-counsel fees is a civil assessment and is not part of the defendant's sentence." *Taylor* at ¶ 37.

{¶ 13} It appears that the trial court was aware to some degree that different costs and assessments are payable to and collected by different government agencies and that some are imposed as part of a defendant's sentence while others are not.[2] To that end, it ordered Heier to reimburse "the State of Ohio and Lucas County" and specified in its judgment that "[t]his order of reimbursement is a judgment enforceable pursuant to law by the parties in whose favor it is entered." This effort fell short, however, because the court in its judgment did not explicitly state that the assessment of these fees was a civil assessment and not part of the sentence. *See State v. Rose,* 2022-Ohio-3529, ¶ 103 (7th Dist.) ("Appellant's sentencing entry failed to indicate 'the assessment of the court-appointed-counsel fees is a civil assessment and is not part of the defendant's sentence' as required by *Taylor*. . . . In addition (and to the extent the trial court was referring to court-appointed counsel fees), the court improperly imposed those fees as part of Appellant's sentence, suggesting they were being taxed as costs."). The order for Heier

---

[1] We acknowledge that *Taylor* is a plurality decision, but it is also the Court's most recent pronouncement on this issue.

[2] Costs of confinement are paid to the county treasurer (R.C. 2929.18(C)(1)); costs of prosecution are paid to the clerk of court (R.C. 2941.14); appointed counsel-fees are paid to the county, then disbursed to the State public defender (R.C. 2941.51(D)).

6.

to pay court-appointed counsel fees was also improperly placed "in the same grammatical sentence" as the costs constituting a part of her sentence. *See Rose* at *id.* ("The order for Appellant to pay items related to court-appointed counsel was specifically labeled "Costs" and placed in the same grammatical sentence between the costs of the action and the additional costs permitted under R.C. 2929.18(A)(4).").

{¶ 14} Accordingly, because the judgment entry does not comply with *Taylor,* we vacate the portion of the entry ordering the payment of assigned-counsel fees. *See Taylor* at ¶ 38-39 (vacating the portion of the sentencing entry imposing court-appointed-counsel fees). We find Heier's assignment of error well-taken, in part, and not well-taken, in part.

### III. Conclusion

{¶ 15} The trial court explicitly found that Heier has or is reasonably expected to have the means to pay the costs of confinement and appointed-counsel fees. It was not required to explain its findings. Information contained in the record, including statements made at the plea hearing, statements made at the sentencing hearing, and information contained in the PSI, support the imposition of the costs of confinement and assessment of appointed-counsel fees. However, because the judgment entry does not make clear that "the assessment of the court-appointed-counsel fees is a civil assessment and is not part of the defendant's sentence," it fails to comply with the Ohio Supreme Court's decision in *Taylor.* We, therefore, reverse the trial court judgment *only to the extent that it assesses appointed-counsel fees.* We vacate only that portion of the October 2, 2025

7.

judgment. The judgment is *affirmed in all other respects*. We find Heier's assignment of error well-taken, in part, and not well-taken, in part.

{¶ 16} We affirm, in part, and reverse, in part, the October 2, 2025 judgment of the Lucas County Court of Common Pleas. Heier and the State are ordered to share the costs of this appeal under App.R. 24.

Judgment affirmed, in part, and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Christine E. Mayle, J.
_____
JUDGE

Gene A. Zmuda, J.
_____
JUDGE

Myron C. Duhart, J.
CONCUR.
_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.